LIZZIE MICHAEL, Respondent, v. FREDERICK MATHEIS, Appellant.

**St. Louis Court of Appeals, December 27, 1898.**

1. **Deposition:** MOTION TO SUPPRESS: COMMISSIONER. In the case at bar, the defendant moved to suppress the deposition upon the grounds, among others, that the commission was addressed to Chestnut as notary public; that he did not take the deposition as such, and that his certificate was not authenticated or proved according to law. The intention was to appoint him special commissioner, and he so construed the commission. Held, that the words "Notary Public" in the dedimus may be disregarded and treated as words of description only.

2. **Certificate to Deposition:** SEAL OR SCRAWL. Where the special commissioner was not a public official and therefore had no official seal; held, that the certificate was sufficiently authenticated by the private seal or scrawl of the commissioner.

3. **Slander:** DAMAGES: SUBSTANTIAL: SPECIAL: INSTRUCTION. In the case at bar by the plaintiff's instructions the jury was authorized to find substantial damages under the second count, there being no proof of special damages, nor that the person to whom the words were spoken understood them in a slanderous sense; held, that the words were obviously slanderous and were therefore actionable *per se,* hence, the innuendo was unnecessary and the proof of special damages was likewise unnecessary.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

LUBKE & MUENCH for respondent.

Aside from the agreement which counsel for appellant obviously made in reference to the deposition of William Runge, the deposition itself is sufficiently formal. It was taken upon interrogatories, to which a special commission was annexed, authorizing E. B. Chestnut to take the deposition of the witness on

those interrogatories. Under section 4449, Revised Statutes, such commission issued to "such person as the court or judge shall appoint, to be named in the commission, or to some proper officer of the government," etc. The addition of the words "notary public" under the name of Mr. Chestnut in the dedimus was mere *descriptio personae;* his appointment was that of a "person" under the above statute. Mr. Chestnut, in all his certificates, described himself as "commissioner," and his authorization was ample. The final certificate of the commissioner shows full compliance with section 4455, Revised Statutes, and all its requirements. Persons appointed as commissioners to take depositions and interrogatories are not presumed to have seals as such, and the L. S. with surrounding scroll, appearing to this certificate, will satisfy all requirements of a private seal. (See, also, Vawter v. Hultz, 112 Mo. 633.) The deposition of Mrs. Runge was properly admitted, because she "resided out of the state," which fact was "established by the testimony of the deposing witness," thus bringing the property of the ruling directly within the terms of Revised Statutes 1889, section 4461. Without attempting to follow the many subdivisions of points ventured in appellant's brief, we may meet his diverse objections by a few general propositions: Both charges by appellant against respondent were slanderous *per se;* the first, under section 3869, Revised Statutes 1889; the second, under the common law, The following were so held: "You have committed an act for which I can transport you" (Curtis v. Curtis, 10 Bing. 477). "I know enough he has done to send him to the penitentiary" (Johnson v. Shields, 25 N. J. Law, 116). In this case the second charge is: "Her husband has escaped from the penitentiary in Germany, and she has been in the penitentiary here." This language scarcely

admits of any quibbling. Even if it did, the courts are not "bound to tax their ingenuity to find the mildest possible construction that can be put upon words, even before verdict" (Johnson v. Shields, *supra*). "The natural interpretation of the words, and the obvious meaning to every man's understanding must prevail." Starkie & Folkard on Slan. & Libel [Ed. 1891], p. 94. It is argued by appellant that the entire conversation complained of formed but one slander, and therefore should have been recovered for under one count. The cases cited in support of this contention all hold that if substantially the same slander be repeated several times, but one count can be built thereon; but in this case we have two entirely separate and distinct charges, in no wise similar, and as it is only where words spoken are not actionable *per se* that it is necessary to show how they were intended and how they were understood. Unterberger v. Scharff, 51 Mo. App. loc. cit. 110, 111. "In case the defamatory meaning is apparent from the language charged, there is no necessity for any innuendo at all." Callahan v. Ingram, 122 Mo. loc. cit. 366-368. * * * The instructions are correct, taken as a whole. Instruction number 9, given for defendant, when read with numbers 3 and 5 given for plaintiff, correctly define the law as to exemplary damages and actual damages, under Callahan v. Ingram, 122 Mo. 355; Nicholson v. Rogers, 129 Mo. 136.

H. A. LOEVY for appellant.

"Words to be actionable when spoken of a person not in any office, trade or profession must imply the imputation of an offense which would subject the offender to some infamous punishment." Nelson case, 10 Mo. 649; Cooley Torts [2 Ed.], 229, 230. "Where

the words are not themselves actionable, 'they can only be made so by such averments in relation to extrinsic matters, as will show that the defendant imputed to the plaintiff a criminal offense, * * * It is not enough to merely state that the defendant intended to impute a crime." Curry v. Collins, 37 Mo. 328, 329. The words, "You are one of the men who tried to steal my wagon," do not impute the crime of larceny. Steinecke v. Marx, 10 Mo. App. 561; s. c.,. 8 Mo. App. 561. * * * "To say that you have my pocket-book or money in your bucket, does not necessarily or legally imply its theft." Christal v. Craig, 80 Mo. 373. To say "Convicted felon," is not actionable. Perry v. Man, 1 R. I. 263. To say "I charge you with felony," is not actionable. Poland v. Mason, Hob. 305, 326; Wheeler v. Popleston, 1 Roll Abr. 72; Word v. Merrick, Ib. 73. Words amounting to a charge that plaintiff has committed a penitentiary offense are not actionable. Abrams v. Smith, 8 Blackf. (Ind.) 95. If the words charged do not imply a criminal charge subject to infamous punishment, there is no case. Dottarer v. Bushey, 16 Pa. St. 204; Boswick v. Chappel, 8 B. Mon. (Ky.) 486; Harris v. Burly, 8 N. H. 256; Brown v. Brown, 2 Shep. (Me.) 317; Watts v. Greenleaf, 2 Dev. (N. Car.) 115.

BIGGS, J.—This is an action of slander. The petition contains two counts. In the first it is charged that the defendant spoke of and concerning the plaintiff, "she is a common whore." In the second it is averred that at the same time and place the defendant spoke of and concerning the plaintiff, the further slanderous words, to wit: "She has been in the penitentiary here." This was followed by the additional averment that the defendant intended by the use of

these words, "to charge and accuse the plaintiff with having been convicted of some offense punishable by imprisonment in the penitentiary." The cause was submitted to a jury. The plaintiff's evidence tended to prove the speaking of the words. There was a verdict on the first count for $300, and on the second for $25. Judgment was rendered in accordance with the verdicts, from which the defendant has appealed.

The respondent obtained from the circuit court, where the suit was pending, a commission to take the deposition of William Runge in the state of Texas. This commission was obtained under section 4448 of the Revised Statues of 1889. The succeeding section (4449) provides that "the commission shall be *to such person* as the court or judge shall appoint, to be named in the commission, or to some proper officer of the government where the witness may be, commanding such person or officer to examine such witnesses, naming them, upon interrogatories." The commission directed "E. B. Chestnut, Esqr., Notary Public, Aransas Pass, Texas," to examine Runge, touching the matters contained in the interrogatories which were annexed. Chestnut took the deposition. Its caption is in the usual form, reciting that Runge appeared before Chestnut *as commissioner*, and that he was sworn and examined on the part of the plaintiff touching the matters in controversy between her and the defendant. The final certificate is in the usual form, but it was likewise made by Chestnut *as commissioner* and it was attested by his private seal or scrawl. The defendant moved to suppress the deposition, upon the grounds, among others, that the commission was addressed to Chestnut as notary public; that he did not take the deposition as such, and that his certificate was not authenticated or proved according to law. The naming of Chestnut as notary public

in the dedimus was evidently an inadvertence on the part of the clerk. The manifest intention was to appoint him special commissioner, and he so construed the commission. If the contrary had been intended, the commission would have been directed generally to any officer of the government at Aransas Pass, Texas, who had authority to take depositions. Therefore the words "Notary Public" in the dedimus may be disregarded and treated as words of description merely. This disposes of the first objection.

The second is likewise without merit. The final certificate to the deposition is sufficient under the decisions. (Jolliffe v. Collins, 21 Mo. 338; Moss v. Booth, 34 Mo. 316; Thomas v. Wheeler, 47 Mo. 363.) The certificate was sufficiently authenticated by the private seal or scrawl of Chestnut. We know of no statute requiring additional proof. Chestnut was not a public official, and therefore he had no official seal. The other objections to the deposition are not of sufficient importance to command any notice.

The deposition of a witness was taken in the city of St. Louis. The witness testified in the deposition that she lived in the state of Texas. Appellant insisted at the trial that to entitle the deposition to be read it devolved upon the respondent to first show that since the deposition was taken the witness had departed from this state. The statute provides that a deposition may be read "if the witness resides out of the state," and that this fact may be established by the testimony of the deposing witness. (R. S. 1889, sec. 4461.) The statute is plain and provides for no exceptions. As counsel cites no authority on the point, and as no good reason suggests itself to us in favor of it, we will overrule the exception.

There are many objections and exceptions to the instructions. We can not notice them all. The most

serious contention is that by the plaintiff's instructions the jury was authorized to find substantial damages under the second count, there being no proof of special damages, nor that the persons to whom the words were spoken understood them in a slanderous sense. The answer to this objection is that the words were obviously slanderous and were therefore actionable *per se*. The defendant said "she (the plaintiff) has been in the penitentiary here." These words import plainly that the plaintiff had been convicted of a felony and had served a term in the penitentiary. The hearers could not have understood the words in any other sense, hence the innuendo was unnecessary, and the proof of special damages was likewise unnecessary. Callahan v. Ingram, 122 Mo. 355; Rammell v. Otis, 60 Mo. 365; Lewis v. Humphries, 64 Mo. App. 466; Bridgman v. Armer, 57 Mo. App. 528; Unterberger v. Scharff, 51 Mo. App. 102.

It is argued that the words constitute but one slander, and therefore should have been sued for under one count. The slanders are separate and distinct. The justification of one would not palliate the other. The one involves moral turpitude only; the other goes further and charges the plaintiff with the commission of a felony.

As to the measure of damages the court instructed the jury that if they found for plaintiff they should allow as compensatory damages fair and reasonable compensation for the injury naturally resulting to the plaintiff from the slander, and "*also for her pain and anxiety of mind caused thereby.*" Objection is made to that portion of the instruction in italics. It is insisted that the recovery in cases of slander is confined to plaintiff's actual or implied pecuniary loss. We do not think that the authorities cited sustain counsel in this.

The objections to the verdict are without merit.

The court submitted to the jury two forms in the event the findings were for the plaintiff. In the one the jury was directed that the findings as to each count must be separate, and if punitive damages as to either or both counts were allowed. such damages should be separately stated. The other form merely provided for findings for the plaintiff on either or both counts and the amount of damages assessed. The jury adopted the last form for their verdict. The contention is that the verdict is erroneous, in that it fails to show whether the damages allowed were compensatory or punitive, or both. There can be no doubt that the jury assessed compensatory damages only. If the jury had intended to allow punitive damages, they would have adopted the other form. This exception will likewise be overruled.

We have looked into the other exceptions. Their discussion would be unprofitable, as the result would be the same. The judgment will be affirmed. All concur.