JOHN THOMPSON v. J. C. HARRIS.

No. 12,454.   (67 Pac. 456.)

SYLLABUS BY THE COURT.

SLANDER—*Single Cause of Action—Pleading.* Different words of a slanderous character spoken in the same conversation constitute but one cause of action. And where by the allegations contained in two separate causes of action of the same petition it reasonably appears that the slanderous words therein counted upon were spoken in the same conversation, the defendant is entitled, upon his motion for that purpose, to have the petition made more definite and certain, so as to show clearly the exact facts relative thereto, to the end that he may not be tried upon two causes of action when but one exists.

Error from Elk district court; C. W. SHINN, judge Opinion filed January 11, 1902.   Reversed.

*John Marshall,* for plaintiff in error.

*Dan Carr,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action by the defendant in error as plaintiff below against the plaintiff in error as defendant below to recover damages occasioned by the speaking by him of certain false and slanderous language concerning the plaintiff. The petition contained four causes of action. In the first

it was alleged that the defendant spoke the words concerning the plaintiff which were claimed to be slanderous at a given time and place and in the presence of a certain named person.   The third cause of action set out that the defendant spoke of the plaintiff certain other slanderous words at the same time, the same place, and in the presence of the same person as was described in the first cause of action.   The second cause of action set out that the defendant had spoken certain other words claimed to be slanderous concerning the plaintiff at a time and place and in the presence of a person as therein named.   The fourth cause of action set out that the defendant had spoken certain other words claimed to be slanderous concerning the plaintiff at the same time and place and in the presence of the same person as was alleged in the second cause of action.   A motion was made by the defendant to require the plaintiff to make his petition more definite and certain by stating whether the slanderous words mentioned in the first and third causes of action were in the same conversation, and also whether the slanderous words set out in the second and fourth causes of action were spoken in the same conversation.   This motion was overruled by the court and the case went to trial as though four distinct causes of action were stated.

We think the court erred in this.   If the conversations upon which the first and third causes of action were based were both parts of one and the same conversation, they afforded but one cause of action.   It would appear from the fact that these were alleged to have taken place at the same time, in the same place and in the presence of the same person, and that they stated parts of but one and the same conversation; yet as this did not certainly appear, de-

fendant was entitled to be definitely informed what plaintiff's claim was in this regard.

It is well settled that "when there are different sets of words, spoken at a particular time, although they charge distinct offenses, there will be but one cause of action." (Maxwell, Code Pl. 352.)

And that "a count of a petition in an action for slander, which sets out the entire conversation in which the slander was spoken, contains only one cause of action, although the conversation consists of several parts, each of which is actionable." (Estee, Pl. [3d ed.] § 1717.)

So that if the words spoken as alleged in the first and third causes of action were in fact spoken in the same conversation, as from the allegations in these causes of action they reasonably appear to have been, there was but one cause of action in reality, and the defendant was entitled to know exactly the fact relative to this matter, for he could not be called upon to answer two causes of action where but one existed. The same is true of the second and fourth causes of action.

This case affords ample illustration of the correctness of this rule, for upon the introduction of evidence it clearly appeared that the actionable words counted upon in the first and third causes of action really did constitute but one conversation, hence one cause of action; so also with regard to the second and fourth causes of action. Further to illustrate the correctness of the rule, it may be noted that the court in its instructions to the jury in this case permitted it to find the defendant guilty upon any one of the four causes of action submitted to it, and hence put the defendant upon trial for and punished him in four causes of ac-

tion, when in fact he should have been put upon trial for and punished in but two.

There are several other errors alleged by plaintiff in error, and we think some of them at least are well taken, but it is probable that in a retrial of the case they will not be repeated; hence we do not deem it necessary to comment upon them.

The judgment of the court below will be reversed and the case remanded for further proceedings in accordance with this opinion.

ELLIS, POLLOCK, JJ., concurring.