MATTIE H. BROWN, Respondent, v. A. A. WINTSCH et vir, Appellants.

Kansas City Court of Appeals, December 19, 1904.

1. EVIDENCE: Slander: Plaintiff's Appearance. In an action for slander evidence that plaintiff appeared very much distressed and grieved when she learned of the fact of the slander is admissible.

2. ———: ———: Pleading. In a petition for slander where the language is unambiguous an innuendo is unnecessary; and where the meaning of the words charged is obvious the statement of a witness in regard to what defendant meant is of no importance since it can have no effect on the jury.

3. SLANDER: Pleading: Instructions. In an action for slander different sets of words spoken on different occasions may be set forth in one count and included in the same cause of action and then there can be but one general finding. And instructions set out in the opinion are approved as directing but one finding.

4. ———: Adultery: Fornication: Common Law: Statute. At common law a charge of unchastity (when the action was not made a crime) was not actionable *per se*; but under .section 2863, Revised Statutes 1899, it is actionable to publish that a person has been guilty of fornication or adultery, and this is

so whether the accused party can be legally guilty of the technical offense charged or not, since the words are used to indicate a charge of a disgraceful and immoral act.

5. ———: ———: ———: ———: ———. Christal v. Craig, 80 Mo. 367 is held inapplicable, **Broaddus, J.,** dissenting in a separate opinion.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*B. Wells* and *L. H. Watters* for appellants.

(1) Plaintiff over defendant's objections was permitted to prove by Mrs. Duke how plaintiff appeared when she told her that Mrs. Wintsch had been talking about her and trying to run her character down. (2) Mrs. Griffin, over defendant's objections, was allowed to testify that she understood Mrs. Wintsch to mean that they were living together in adultery and fornication. There was nothing ambiguous or uncertain about the words spoken and such testimony should have been excluded. Callahan v. Ingram, 122 Mo. 355; Lewis v. Humphreys, 64 Mo. App. 471; Caruth v. Richardson, 96 Mo. 186; State v. Bonner, 85 Mo. App. 462. (3) The court erred in giving plaintiff's instructions numbered 1, 2, 3, 4, 5, 6 and 7. (a) Three separate and distinct causes of action were stated in the same count and instructions numbered 1, 2 and 3 authorized a recovery on each. While several defamatory statements may be stated in a single count, there can be a recovery as to but one. Birch v. Benton, 26 Mo. 153; Pennington v. Meeks, 46 Mo. 217; Burcher v. Scully, 107 Ind. 246. (b) The petition alleges that plaintiff, by reason of all of said false charges and slanderous words, was greatly injured, etc., and has been damaged in the sum of $5,000. These instructions allowed a recovery for each and all the slanderous words charged. (4) The first

instruction did not submit to the jury the question whether plaintiff was an unmarried woman or whether the innuendo was sustained. Callahan v. Ingram, 122 Mo. 367; Starkie on S. & L. sec. 466; Newell on Def. S. & L., sec. 388; Townsend on Slander and Libel, sec. 338. (5) The second instruction failed to submit the question whether plaintiff was an unmarried woman. The proof showed that she was and could not have been guilty of adultery. Christal v. Craig, 80 Mo. 373; Hood v. State, 56 Ind. 263; 1 Bouvier, Dic., title "Adultery;" Abbott's Law Dic., title "Adultery;" Am. and Eng. Ency. Law, "Adultery." (6) The third instruction is subject to the same criticism as the first. (7) These instructions erroneously authorized the jury to assume that the defamatory statements were false. Callahan v. Ingram, 122 Mo. 366.

*Ward & Hadley, Hunt C. Moore* and *E. A. Neel* for respondent.

(1) The witness, Mrs. Duke, was properly permitted to testify as to plaintiff's appearance when she was told that defendant, Mrs. Wintsch, had been talking about her and trying to run her character down. Madden v. Railroad, 50 Mo. App. 673; Muff v. Railroad, 22 Mo. App. 584; State v. Buchler, 103 Mo. 206; Crookshanks v. Adams, 61 Mo. App. 585; Eyerman v. Sheehan, 52 Mo. 223; Boot & Shoe Co. v. Bain, 46 Mo. App. 589; Cooke v. Railroad, 57 Mo. App. 479; Greenwell v. Crowe, 73 Mo. 640. (2) There was no error committed in omitting from the first and third instructions the question whether the innuendos pleaded from the Rose and Griffin conversations were sustained, nor was there error committed in permitting the witness Griffin to testify as to what she understood the words to mean. Where words are unambiguous and libelous *per se* the innuendo and testimony thereunder will be regarded as surplusage and be rejected. Callahan v. Ingram, 122 Mo. 368;

Newell on Defamation, Slander and Libel, p. 628, sec. 38; Odgers on Libel and Slander, 101; Townsend on Slander and Libel, p. 579, sec. 344; Lewis v. Humphries, 64 Mo. App. 472; Michael v. Matheis, 77 Mo. App. 562. (3) The instructions authorized and warranted but a single recovery. Pennington v. Meeks, 46 Mo. 219; Lewis v. McDaniel, 82 Mo. 586. (4) If there was error in admitting from the instructions the issues of Mrs. Brown being an unmarried woman, it was harmless and is not such as to warrant a reversal. R. S. 1899, sec. 659; Fitzgerald v. Barker, 96 Mo. 665; Homuth v. Railroad, 129 Mo. 629; Fox v. Windes, 127 Mo. 502; Macfarland v. Heim, 127 Mo. 327; Comfort v. Ballingal, 134 Mo. 281; Com. Co. v. Block, 130 Mo. 668; Light Co. v. Lamar, 140 Mo. 145. (5) There was no necessity for an innuendo after the words, "that Mrs. Brown was not a decent woman, as she had lived with her husband, Mr. Brown, in adultery, before they were married." R. S. 1899, sec. 2863; Hudson v. Garner, 22 Mo. 423; Stieber v. Wensel, 19 Mo. 513; Callahan v. Ingram, 122 Mo. 368. (6) The presumption or assumption of falsity of the defamatory statements was correct under the pleadings. Hall v. Jennings, 87 Mo. App. 627; Waddington v. Waddington, 21 Mo. App. 609; State v. Forrester, 63 Mo. App. 530; Hallowell v. Gentle, 82 Ind. 554a; Stowell v. Beagle, 79 Ill. 525; Broughton v. McGrew, 39 Fed. 672; Hagan v. Hendry, 18 Md. 177; Conroy v. Pittsburg Times, 139 Pa. St. 334; Thomas v. Bowen, 29 Ore. 263; McIntyre v. Bransford (Ky.), 17 S. W. 359; Byrket v. Monahan, 41 Am. Dec. 213.

BROADDUS, J.—This was an action for slander. In the petition, consisting of a single count, it is alleged (1), that plaintiff is an unmarried woman, and that on June 1, 1899, Mrs. Wintsch spoke of and concerning plaintiff to Martha Rose "that Mrs Brown had lived with her husband as man and wife before they were

married, and that she was not a decent woman to associate with," with innuendo that she had been guilty of fornication. (2) That on August 1, 1899, Mrs. Wintsch spoke of and concerning the plaintiff to Mary Duke "that Mrs. Brown was not a decent woman, as she had lived with her husband, Mr. Brown, in adultery before they were married." (3) That on April 15, 1899, Mrs. Wintsch said of and concerning plaintiff to Mrs. Griffin "that Mrs. Brown was not decent and for me not to associate with her and that she had lived with Mr. Brown as man and wife before she married him," with innuendo that she had been guilty of fornication.

The answer was a general denial. The jury returned a verdict for plaintiff and defendants appealed.

The defendants are husband and wife. There is no dispute but what the defendant Alvina Wintsch spoke the words charged and there was evidence also that she likewise used similar language to other persons. The plaintiff was permitted to prove over defendants' objections how plaintiff appeared when told what Mrs. Wintsch had said about her. The description was: "Well, she appeared very much distressed and grieved." The evidence was competent. [Madden v. Railroad, 50 Mo. App. 666; State v. Buchler, 103 Mo. 203.]

Mrs. Griffin was permitted to testify what she understood Mrs. Wintsch meant when she said of plaintiff, "she is not a decent woman; she lived with Mr. Brown as man and wife before they were married and occupied the same room and boarded with her;" that they were living together in adultery and fornication. The rule is, that where the language is unambiguous an innuendo is unnecessary; and where the words are actionable *per se* an innuendo limiting their meaning may be disregarded. [Callahan v. Ingram, 122 Mo. 355; Michael v. Matheis, 77 Mo. App. 556.] Applying the foregoing rule to the testimony of the witness, it was

a matter of no importance. It could have had no bearing on the issue, as the meaning of the words charged was obvious and the statement of the witness could have had no effect whatever on the mind of the jury.

The defendants contend that three separate causes of action were stated in the same count and that instructions numbered one, two and three given for plaintiff authorized a distinct recovery on each. In order to understand the effect of said instructions they should be read in connection with instruction numbered five. They are as follows:

1. "The court instructs the jury that if you find and believe from the evidence that the defendants, Alvina A. Wintsch and Henry Wintsch, were, on or about the first day of June, 1899, husband and wife, and that on said date said defendant, Alvina A. Wintsch, in the city of Kansas City and State of Missouri spoke of and concerning the plaintiff to one Martha Rose the following words: 'That Mrs. Brown had lived with her husband as man and wife before they were married, and that she was not a decent woman to associate with,' then the law presumes that said statement was untrue and was made maliciously and your verdict will be for the plaintiff and against both of the defendants."

2. "The court instructs the jury if you find and believe from the evidence that said defendants, Alvina A. Wintsch and Henry Wintsch, were, on or about the first day of August, 1899, husband and wife, and that on said date said defendant, Alvina A. Wintsch, in the city of Kansas City, State of Missouri, spoke of and concerning the plaintiff to one Mary E. Duke the following words: 'That Mrs. Brown was not a decent woman as she had lived with her husband, Mr. Brown, in adultery before they were married,' then the law presumes that said statement was untrue and maliciously made and your verdict will be for the plaintiff and against both of the defendants."

3.  ''The court instructs the jury that if you find and believe from the evidence that on or about the 15th day of April, 1899, the defendants herein were husband and wife and that on or about said date said defendant, Alvina A. Wintsch, in the city of Kansas City and State of Missouri, spoke of and concerning the plaintiff to Mrs. S. D. Griffin the following words: 'That Mrs. Brown was not decent and for me not to associate with her, and that she had lived with Mr. Brown as man and wife before she married him,' then the law presumes that said statement was untrue and was maliciously made and your verdict will be for the plaintiff and against both of the defendants.''

5.  ''The court instructs the jury that if they find for the plaintiff they will assess her damages at such a sum as they may believe from the evidence will compensate her for the damage to her reputation and good name, if you believe her reputation and good name have been damaged, and for the mortification and humiliation and mental suffering endured by her, if you believe she did so suffer, by reason of the speaking by the defendant, Alvina A. Wintsch, the words quoted in instructions numbered one, two or three, if you believe the defendant, Alvina A. Wintsch, spoke said words, not to exceed, however, the sum of five thousand dollars.''

In an action for slander different sets of words spoken on different occasions may be set forth in the same count and included in the same cause of action. [Pennington v. Meeks, 46 Mo. 217.] As a matter of course there can be but one general finding, as there is but one count in such instances. It cannot be successfully disputed but that the plaintiff may recover upon one or more or all the sets of words charged to have been spoken, but there can be no separate recovery for each. The instructions given were separately directed to the three sets of words charged to have been spoken and the jury were told in each instance if it found the

words were spoken to find for plaintiff. But in instruction numbered five the jury were told if they found the words were spoken as quoted in instructions numbered one, two or three they would find for plaintiff in a sum not to exceed $5,000. This instruction in effect was a direction for a general finding by the jury. And the jury so understood it. The jury under the instructions may have found each and all the different sets of words charged to have been spoken had been proven, yet it was clear enough they could make only one general finding; and that a finding on one or more of said instructions numbered one, two and three separately was not intended or directed.

Objection is made to instruction numbered one on the ground that it did not submit to the jury the questions whether the plaintiff was an unmarried woman, or whether the innuendo was sustained. There was no doubt but what plaintiff at the time of the alleged speaking of the words was an unmarried woman. There was no controversy and no evidence offered to rebut plaintiff's evidence on that point. It is not necessary to call the attention of the jury to an undisputed fact, and it may be assumed to exist as such in an instruction. As there was no ambiguity in the words charged, and as their plain import was that plaintiff had been guilty of the crime of fornication, proof of the innuendo would have been surplusage.

One of the charges is that "plaintiff was not a decent woman as she had lived with her husband, Mr. Brown, in adultery before they were married." The plaintiff being a *feme sole* at the time could not have been guilty of the crime of adultery. There was no objection made to this allegation of the petition. But the defendants objected to plaintiff's instruction authorizing a recovery for the speaking of the words charging her with adultery. In Christal v. Craig, 80 Mo. 367, it was held: "The statement of a cause of action for slander, for words imputing to a woman the crime of

adultery, should contain an averment of her coverture, and in the absence of such averment, no instruction should be given as to said cause of action." And it was there also held that, if one or more of the causes of action united in the same count be fatally defective for a failure of sufficient statement of facts to constitute a cause of action, a general verdict is erroneous as to all of the causes of action. There is authority for a construction different from that announced in Christal v. Craig, supra. In Walton v. Craig, 7 Sergeant & Rawles (Pa.), 449, the court held that, notwithstanding the declaration charged that at the time the words were spoken the plaintiff was a married man, and the proof showed that the language used imported that he had committed fornication, the proof sustained the charge. The court said: "The rule is now well established that no inconsistency or want of grammatical propriety will prevent the words from being actionable when the intention to charge the party with a crime clearly appears, and when a criminal charge is conveyed by the defendant's expression. The liability to make reparation cannot be affected by any impropriety in the communication, whether legal or grammatical, when the loss of character and its probable consequences constitute the ground of action, though the act charged is in legal strictness impossible." And such seems to have been decided as early as the time of Judge HOLT.

Independently speaking, and without reference to these authorities, it seems to us that the statute in question unqualifiedly makes the language used here actionable. It reads: "It is actionable to publish falsely and maliciously in any manner whatsoever, that *any person* has been guilty of fornication or adultery." We have italicised the words *any person.* It seems to have been the intention of the Legislature to do away with all technical distinction and to make the speaking of the words "adultery" or "fornication" actionable *per se* as to any person, without reference to the fact that such

person may or may not be married.   Apparently, the object of the statute was to afford reparation for the actual injury suffered.   To say of a single woman that she has committed the crime of adultery is equally as injurious in its effects as to charge a married woman with the same offense.   It is the poison that the language implies, and not its legal significance, that the statute contemplates.

But my associates are of the opinion that the case of Christal v. Craig has no application to the question here—that it refers only to pleading.   Let us see.   The court said, "the first of the charges, it is observed, is that of adultery.   Are the facts stated sufficient to constitute the offense?   Section 2120, Revised Statutes 1879, makes it actionable to publish falsely that any person has been guilty of adultery.   The term 'adultery' is employed in this statute in its common-law sense or its ordinary acceptation.   For the plaintiff, a woman, to be guilty of this offense, she must have been married at the time."   See page 372 opinion.   It seems that the court decided that not only the pleadings should allege that the plaintiff was a married woman at the time of the speaking of the slanderous words, but also that only a married woman could commit the offense.   And, further, that the common-law sense of the term and its ordinary acceptation were the same.   To my mind, there can be no doubt what the court meant.   The language is too plain for controversy.   If said case is to be followed, said instruction numbered two should not have been given.

SEPARATE OPINION.

ELLISON, J.—The statute itself (section 2863, Revised Statutes 1899) makes it slander *per se* to falsely charge a person with being guilty of adultery or fornication.   [Stieber v. Wensel, 19 Mo. 513.]   With-

out the statute, the law both in England and many of the States, seemed to be that a charge of unchastity (where it was not made a crime) was not actionable without proof of special damage. [Folkard's Starkie on Slander, 128, 129; Odgers on Slander, 84-87.]

This was always considered unsatisfactory and unjust, and so to settle the matter our Legislature declared flatly, that to charge a person with either of those immoral acts was slander *per se*, damages following, as of course, without proof of special damage. The Legislature probably had in mind only the idea of making certain the law in these instances where justice so clearly demanded it. The Legislature had no further intention than that. By use of the words "*any* person has been guilty of adultery or fornication," it was not intended to include any person who could not commit the sexual act which is called either adultery or fornication. As, for instance, a nursing babe would be included in the phrase "any person," and yet, the statute did not include such. To say of a four-year-old boy that "he is only four years old, but he has committed adultery," would not be slander, because a boy of that age is incapable of the sexual act which is called adultery, and the charge would have carried along, on its face, its own refutation. The statute, as just stated, only intended to make certain that it was actionable *per se* to charge anyone with adultery or fornication, that is, anyone who could commit the act which is denominated adultery or fornication. That was all, I think, that was in the legislative mind. Therefore, I do not regard the statute as cutting any figure or aiding plaintiff by the use of the expression "any person."

But aside from the expression "any person," the charge of either adultery or fornication is a charge of a disgraceful and immoral act, and when made it means, and is understood to mean, immoral and unlawful sexual intercourse, without regard to whether the party charged is married or single. Adultery and

fornication are the same act, but committed by different actors, and, therefore, when one is falsely charged with either, whether married or single, it is actionable *per se.* This view is sustained by an interesting case in Pennsylvania where the court had under consideration the charge of fornication, though the party charged was a married man. It was there contended that the charge could not possibly be true. But the court said that "courts and juries will understand words in the same way other people would. We are not to examine dictionaries nor turn to our law books to find out their legal technical meaning. . . . Can it be seriously doubted but that the defendant intended to defame the plaintiff, and charge him with unlawful sexual intercourse?" Further on, the court said: "The objection is, that being a married man, he could not commit fornication, which is but saying the speaker mistook the legal name of the offense. . . . In many cases the action will lie, notwithstanding there is repugnance in the words themselves or made so by matters apparent on the record; as if one say of a widow having children born in wedlock, she is a whore and her children are bastards. Now though the children born in wedlock, cannot possibly be bastards, yet they may be reported such. . . . The cases of charging one with the murder of a man living, not being actionable, because impossible, were not much respected by Lord HOLT, who, in such case, observed, the fault is greater, it is a double crime." Continuing, the court said: "The rule is now well established that no inconsistency or want of grammatical propriety will prevent the words from being actionable when the intention to charge the party with a crime clearly appears, and when a criminal charge is conveyed by the defendant's expression. The liability to make reparation, cannot be affected by any impropriety in the communication, whether legal or grammatical, when the loss of character and its probable consequences, constitute the ground of action, though the

act charged is in legal strictness impossible." [Walton v. Singleton, 7 Sergeant and Rawles 450.] To the same effect are the cases of Beirer v. Bushfield, 1 Watts 23, and Andres v. Koppenheafer, 3 Sergeant and Rawles 255. Those cases were discussed at length and approved by the Supreme Court in Hudson v. Garner, 22 Mo. 423.

But it is suggested that we are bound by the case of Christal v. Craig, 80 Mo. 367. I do not think that case applicable to the one in hand. In that case the word "adultery" was not used by the defendant. The words spoken were, "your son Lin has no father. He never did have any. He is not Stewart Christal's child," which the plaintiff construed to mean a charge of adultery; and so she alleged in her petition that the defendant "thereby intended to charge plaintiff with adultery." The court ruled that the *pleader* should have added that plaintiff was a married woman, as only a married person could commit adultery. The question in the case at bar was not before the court and was not considered. I apprehend that if the defendant in that case had expressly charged the plaintiff with adultery the court would not have held that he could have excused himself by showing plaintiff to be an unmarried woman; or if defendant had charged her with fornication, that he could have excused himself by showing she was married. For, in either instance, the same immoral and scandalous sexual act would have been charged, equally hurtful, whether the defendant was married or single. Affirmed. *Smith, P. J.,* concurs.