## A. B. HAYNES, Respondent, v. N. A. ROBERTSON, Appellant.

### Springfield Court of Appeals, April 14, 1915.

1. **PLEADINGS: Demurrer: Motion to Elect: Answer: Waiver of Error.** Action for slander. Defendant after unsuccessful demurrer on the ground that the petition stated several separate and distinct causes of action in one count and after the overruling of his motion to require plaintiff to elect, answered and went to trial on the merits. He thereby waived any error committed in overruling the demurrers and motion to elect.

2. **SLANDER: Pleading: When Only One Count Necessary.** In actions for slander, different sets of words spoken on different occasions and to different hearers, may be included in one count in a petition and constitute but one cause of action, provided such different words, spoken at different times, charge and relate to the same offense.

3. ————: ————: **Repetition of Slander: One Count.** A petition in an action for slander is not objectionable merely because it charges in one count as constituting a single cause of action, repetitions of the same slander to different individuals.

4. ————: **Proof: Exact Words: Sufficiency.** In proving a slander, it is essential to prove enough of the exact words laid in the petition to constitute the slanderous accusation, but all the words charged need not be proven.

5. ————: **Action: Slander by Inquiry.** A slander may be as effectively made and circulated in the form of an inquiry as by direct accusation, especially where the inquirer assumes the truth of the charge and merely inquires whether the hearer has previously heard of it.

6. ————: **Words Actionable: Statutory Enactments.** It is actionable slander to publish falsely and maliciously, in any manner, that a person has been guilty of fornication or adultery. [Sec. 5424, R. S. 1909.]

7. ———: ———: **Charging Immorality.** In an action for slander, defendant's statement that a minister of the Gospel had been caught in bed with another man's wife and that the husband had "blacked the minister's eye and he had gone west," was slanderous *per se.*

8. ———: **Innuendo: When Not Necessary to Plead or Prove.** Where words are unambiguous and actionable *per se*, an innuendo defining or limiting their meaning, or an allegation to show how the words were understood by the hearers, is unnecessary and need not be proven.

9. ———: **Spreading Rumor: Not Defense: Mitigation of Damages.** It is not a defense, in an action for slander, that one merely spread the rumor of slanderous accusation; it only goes in mitigation of damages.

10. ———: **Actionable Words: Special Damage: Presumption.** Where words are unambiguous and slanderous *per se*, special damages need not be proven; they are presumed.

11. ———: ———: **Malice: Presumption.** And that malice necessary to sustain punitive and actual damages is also presumed in such cases.

12. ———: **Privileged Communications: What Not.** The defense of privileged communication does not apply to one, a member of the Baptist church, who speaks slanderous words concerning a preacher of that denomination, when it is shown that such preacher is not a minister of the slanderer's local church and the persons to whom the words are spoken are not members of the minister's local church and no church discipline of the minister is being invoked.

13. **SLANDER: Evidence: Collateral Matters.** Action for slander based on accusations of immorality against a Baptist minister. Evidence that defendant's expulsion from that church was not in accordance with the laws and usages of said church, was properly excluded as a collateral matter.

14. ———: **Actionable Words: Damages: Assessment.** In an action for slander, where defendant admitted speaking the words, slanderous *per se* and concededly false, and where he made no defense, there was nothing for the jury to do but consider the facts shown in mitigation of damages and determine the amount thereof.

Appeal from Polk County Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*L. Cunningham* and *B. J. Emerson* for appellant.

(1)   A petition which attempts to set out several distinct and separate causes of action in one count is bad and a demurrer to it should be sustained. Gardner v. Robertson, 208 Mo. 605.   (2)   Such is the rule in actions for libel and slander. Flowers v. Smith, 214 Mo. 98; Christal v. Craig, 80 Mo. 367.   (3)   If plaintiff's petition would authorize a recovery on any more than one alleged statement of defendant, then defendant's motion to require the plaintiff to elect should have been sustained. Christal v. Craig, 89 Mo. 367; Flowers v. Smith, 214 Mo. 98.   (4)   Defendant's demurrer to the evidence offered at the close of plaintiff's evidence should have been sustained.   Callahan v. Ingram, 122 Mo. 366; Christal v. Craig, 80 Mo. 367; Krup v. Corley, 95 Mo. App. 640; Parsons v. Henry, 177 Mo. App. 329.   (5)   Unless the words alleged and proven be slanderous *per se* or proper *innuendo* or colloquium be pleaded and proved there can be no recovery.   Kunz v. Hartwig, 151 Mo. App. 94; Krup v. Corley, 95 Mo. App. 650.

*W. W. Wood* and *Rechow & Pufahl* for respondent.

(1)   The first point made in appellant's brief is as to the sufficiency of the plaintiff's petition.   The authorities, cited by counsel, settle the point against him, even if the point had been well taken in the first place. The defendant did not stand on his demurrer, but answered over, hence waived the point, if there had been one.   Hanson v. Neal, 215 Mo. 256; Hubbard v. Slavens, 218 Mo. 598; Houtz v. Hellman, 228 Mo. 655; State v. Stevens, 134 Mo. App. 115; Wyler v. Ratican, 150 Mo. App. 474; Berkbigler v. Cape Girardeau, 152 Mo. App. 543; Summers v. Keller, 152 Mo. App. 626.   (2) So also was the motion to strike out and to elect waived.

Hanson v. Neal, 215 Mo. 256; Hubbard v. Slavens, 218 Mo. 598; Sundmacher v. Lloyd, 135 Mo. App. 517; Mc-Murray v. Railroad, 225 Mo. 272; Norman v. Sheip, 142 Mo. App. 138; Connor v. Railroad, 149 Mo. App. 675; Vanloon v. Vanloon, 140 S. W. 631. (3) The next point made, that the demurrer to the evidence should have been sustained, is refreshing, in view of the fact that the defendant pleaded guilty both in his answer and his evidence to speaking the exact words alleged. (4) When a person says that a married man was caught in bed with another man's wife he is guilty of a slander *per se*. R. S. 1909, sec. 5424; Vanloon v. Vanloon, 159 Mo. App. 255; Nelson v. Wallace, 48 Mo. App. 195; Buckley v. Knapp, 48 Mo. 152; Brown v. Wintsch, 110 Mo. App. 264; Stieber v. Wensel, 19 Mo. 513. (5) Where the words are slanderous *per se* and are admitted, then it is proper to instruct that the only question is one of damages. Brown v. Globe Printing Co., 213 Mo. 613; Markey v. Railroad, 185 Mo. 384; Parks v. Railroad, 178 Mo. 108; Henderson v. Kansas City, 177 Mo. 477; McLean v. Kansas City, 100 Mo. App. 625.

STURGIS, J.—The defendant appeals from a verdict and judgment against him in a slander suit. The defamatory words charged in plaintiff's petition to have been spoken by defendant concerning him are: ''Have you heard about Booker Haynes, the preacher, being caught in bed with Joe Leith's wife, and that he and Leith had a fight and that Leith blacked his eye, and that Haynes has gone west? It is so.'' These last words, ''It is so,'' were stricken out by amendment after plaintiff's evidence was all in. Because the words spoken are charged in a single count to have been spoken on several different dates to different persons the defendant unsuccessfully demurred to the petition as stating several separate and distinct causes of action in one count. The defendant then filed a motion to have plaintiff elect

as to these alleged different causes of action and this motion was overruled. The defendant then answered and went to trial on the merits, thereby waiving any error in overruling his demurrer and motion to elect. [Cook v. Globe Printing Co., 227 Mo. 471, 525, 127 S. W. 332; Vanloon v. Vanloon, 159 Mo. App. 255, 269, 140 S. W. 631; Hanson v. Neal, 215 Mo. 256, 270, 277, 114 S. W. 1073; Hubbard v. Slavens, 218 Mo. 598, 616, 117 S. W. 1104; Houtz v. Hellman, 228 Mo. 655, 664, 128 S. W. 1001.]

Besides this, in actions for slander different sets of words spoken on different occasions and to different hearers may be included in one count of a petition and constitute but one cause of action, provided such different words spoken at the different times charge or relate to one and the same offense. [Lewis v. McDaniel, 82 Mo. 577; Pennington v. Meeks, 46 Mo. 217; Brown v. Wintsch, 110 Mo. App. 265, 270, 84 S. W. 196.] The case of Flowers v. Smith, 214 Mo. 98, 129, 112 S. W. 499, relied on by defendant as holding the contrary, states that the various libelous publications made at different times and joined in one count "refer to entirely different conduct on part of plaintiff, and to wholly different matters." Christal v. Craig, 80 Mo. 367, is based on the same doctrine. The present petition merely charges in the one count repetitions of the same slander to different individuals as constituting a single cause of action and is unobjectionable.

The defendant, by his answer, admits the speaking of the exact words as charged to one person, Ireland, and with slight and immaterial variations to others. For instance, he admits that he said to the witness Mead, a young man, "Charley, tell your pa they say Brother Haynes was caught in bed with Brother Leith's wife and they had a fight and Leith blacked Haynes' eye." This witness further testified that the next morning he saw the defendant and the defendant asked him if his father believed this story and, on

the witness replying that his father did not, the defendant said: "It is sure so." The witness McCracken testified that when he went into the defendant's furniture store, defendant began the conversation about plaintiff and used these words: "Well, he just asked me if I had heard the *news* upon Brother Haynes; I says, 'What *news?*' He said, 'The news about Brother Haynes.' I says, 'What is that?' He says, 'He was caught in bed with Joe Leith's wife and they had a fight.' "

The plaintiff is a minister of the gospel of the Baptist Church, following his vocation in the general vicinity of Humansville, Polk county, Missouri, where the defendant lived. Joe Leith, whose wife is referred to in the slanderous words, lived in that vicinity also, so that all three of these persons were known to the various witnesses. We readily agree that it is essential in proving a slander to prove enough of the exact words laid in the petition to constitute the slanderous accusation (Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241; Hauser v. Steigers, 137 Mo. App. 560, 119 S. W. 52), but all the words charged need not be proved. Some may be omitted as immaterial and additional ones proved which are not necessary to or which do not destroy the charge, provided enough of the exact words are proved to contain the poison and constitute the precise slander averred. Words and clauses may be transposed which do not change the sense and the sentence may be changed from the interrogative to the narrative form, or *vice versa.* [Lewis v. McDaniel, 82 Mo. l. c. 582.] There is no question but that a slanderous charge may be as effectively made and circulated in the form of an inquiry as by direct accusation, especially where, as here, the inquirer assumed the truth of the charge and merely inquired whether the hearer has previously heard of it. [Pennington v. Meeks, 46 Mo. 217.] The essential words to the present charge

are: "Haynes . . . caught in bed with Joe Leith's wife," and these words were proved or admitted to have been uttered in the hearing of each witness.

Error is assigned in that plaintiff did not by proper *innuendo* allege in the petition or prove by the various witnesses who heard the alleged slanderous words that they understood the same in a defamatory sense, that is, to charge the defendant with fornication or adultery or being an immoral person. This involves the question whether the words spoken are slanderous *per se*. By the statute, section 5424, Revised Statutes 1909, it is made actionable slander to publish falsely and maliciously, in any manner, that a person has been guilty of fornication or adultery. If the statement that a minister of the gospel has been *caught* by a married man in bed with such man's wife does not necessarily charge him with adultery, then defendant made his meaning plain when he added that, on so finding the preacher, the husband had blacked his eye and he had gone west. Why should the husband black his eye and does not flight raise a presumption of guilt? The words proved are, under the circumstances shown, clearly slanderous *per se*. [Vanloon v. Vanloon, 159 Mo. App. 255, 140 S. W. 631; Brown v. Wintsch, 110 Mo. App. 264, 84 S. W. 196; Kersting v. White, 107 Mo. App. 265, 284, 80 S. W. 730.]

Moreover, the defendant by his answer, in pleading that his inquiries and statements to the various witnesses containing the slanderous words were privileged communications, alleges that it was his duty as a member of the church to communicate to other members his information that plaintiff, a preacher, "was immoral and leading a sinful life," in order that the church members might enforce its rule not to permit one to preach "who was immoral or lived an immoral or sinful life." It is true that defendant was not asserting plaintiff's guilt as of his own knowledge, though he did not, at all times at least, give the accusa-

tion as on the authority of others. Spreading it as a rumor would not be a defense but only go in mitigation of damages. [Kersting v. White, 107 Mo. App. 265, 286, 80 S. W. 730.] What is said in the Vanloon case, supra, is applicable here: "It seems to us that the words charged to have been uttered by the defendant in the case at bar, considered in connection with the surrounding circumstances and explained by the entire conversation, have a plain and unambiguous meaning to the ordinary man and could not reasonably be understood to mean simply that plaintiff was keeping company in a social way with men (a woman here), but imputed that plaintiff had been guilty of immorality and unchaste conduct and tended to blacken the plaintiff's reputation and expose her (him) to contempt."

The rule is that where words are unambiguous and actionable *per se,* an *innuendo* defining or limiting their meaning, or any allegation as to how the words were understood by the hearers, is unnecessary and need not be proved. [Hudson v. Garner, 22 Mo. 423; Brown v. Wintsch, 110 Mo. App. l. c. 268, 84 S. W. 196; Stieber v. Wensel, 19 Mo. 513; Callahan v. Ingram, 122 Mo. 355, 26 S. W. 1020; Michael v. Matheis, 77 Mo. App. 556.] In such cases that malice which is necessary to sustain punitive damages as well as actual damages is presumed. [Ickenroth v. Transit Co., 102 Mo. App. l. c. 614, 77 S. W. 162; Vanloon v. Vanloon, 159 Mo. App. l. c. 267, 140 S. W. 631.] In such cases special damages need not be proved as damages are presumed.

The only defense pleaded by defendant is that of a qualifiedly privileged communication. This is claimed in somewhat different language in the case of each witness because of the church relationship of the parties. The plaintiff was not a member of or preaching for the local church at Humansville, Missouri, though he had at sometime previous preached there as an evangelist. It was shown that each Baptist congregation is

self-governing and disciplines its own members exclusively. It is alleged that no man is allowed to preach in a Baptist Church who is living an immoral life; that each member of the church is required to communicate to other members of the same any knowledge of or information based on a charge made to him by a reputable person of a minister being immoral, ''in order that the accused might be cited to appear before the proper body of said church to answer such charge if probable evidence of the truth of such charge be shown.'' This privilege is claimed to include communications to members of other Baptist Churches than that of which either the defendant or plaintiff is a member; that it includes communications made to a man whose wife is a Baptist ''in order to investigate the truth of said charge and report;'' that it includes communications to a member of the Methodist Church, ''that the truth may be determined and the moral and religious welfare of the people generally be protected.''

This is certainly a long call on the doctrine of qualifiedly privileged communications. If allowed it could be readily extended to include communications by one not a member, but a member of some church or kindred organization, to members of all clubs, lodges, societies, orders, etc., whose object is to promote morality and thus become world-wide. No charge against plaintiff was in fact ever made to or considered by any church organization. Defendant says that his first information as to this matter was acquired by seeing a letter from a lady, unknown to him, written to her son. This letter or the names of the parties are not in evidence. There is a total lack of evidence that defendant mentioned, to some of the witnesses at least, anything about a church investigation of the accusation, and the relationship of most, if not all, of the parties to whom the communications were made was such that they could have had no interest in such investigation other than a general interest of a good citi-

zen in maintaining good morals.  The rule of privileged communications does not extend that far and nothing said in Kersting v. White, 107 Mo. App. 265, 80 S. W. 730, justifies the attempted defense in this case.  [Vanloon v. Vanloon, 159 Mo. App. l. c. 270, 140 S. W. 631.]

It was shown in connection with these matters that defendant had been expelled from the local Baptist Church sometime previous to the present trouble and for causes wholly disconnected therewith and that he was not therefore a member of that church.  The defendant in turn desired to show that the action of the church in expelling him was not in accordance with the laws and usages of that church, but the court properly declined to go into that matter.  This was a collateral matter and its determination was not vital to or proper in this case and would merely have confused the issues to be tried.

The defendant asked twenty-five instructions, all of which were refused.  Whether the mere number justified that court in refusing same or not, this court is certainly justified in not setting out or discussing these instructions in detail.  We have examined the same and the refusal of most, if not all, of them is justified by what we have already said.  The instructions given fully covered the case and that is sufficient.  As defendant admitted the speaking of the words, slanderous *per se* and concededly false, and made no legal defense whatever, there was nothing for the jury to do but to consider the facts shown in mitigation of damages and determine the amount thereof.  This the jury did and there is no complaint that the verdict of two hundred dollars is large.  Note the instruction given and approved in Lewis v. McDaniel, 82 Mo. l. c. 583.  What is said in Brown v. Globe Printing Co., 213 Mo. 611, 652, 112 S. W. 462, is applicable here: "Nor was this instruction erroneous because the jury were not given *any* hypothesis or statement of facts from the evidence upon which they could find a verdict for the defend-

ant, for no such facts were disclosed by the evidence.''

Other minor points raised by defendant have not been overlooked by us, but our conclusion is that the judgment should be affirmed and it is so ordered.

· *Robertson, P. J.,* and *Farrington, J.,* concur.