## CHARLES L. RODEFER, Respondent, v. WILLIAM BROOKING, Appellant.

St. Louis Court of Appeals. Opinion Filed April 5, 1921.

1. **LIBEL AND SLANDER:** Pleading: Answer: Admissions: Enough of Exact Words to Constitute Slander: Effect. In an action for slander, where the gist of the charge alleged to have been made by defendant against plaintiff was that "C. R. is a God Damned thief," the admission in the answer that defendant said, "I am convinced he (C. R.) is a damned thief," was an admission of enough of the identical words charged in the petition to constitute the slander.

2. ————: Evidence: Exact Words: Sufficiency. In slander cases it is essential that enough of the exact words charged in the petition be proved to make out the precise slander charged, although all of the words need not be proved, as many of them may be immaterial, and additional words may be proved which are not necessary to and which do not destroy the charge.

3. **INSTRUCTIONS:** Libel and Slander: Instruction Not Misleading or Assuming Jury Should Find Some Damages. In an action for

Rodefer v. Brooking.

slander, an instruction which told the jury that the evidence in reference to the general reputation of the plaintiff and in reference to rumors and reports about plaintiff being guilty of certain specific charges should not be considered as evidence of the truth of the words spoken by defendant, charging plaintiff with the crime of larceny, in case they should find that the defendant did speak such words, but that such matter could only be considered as bearing upon the amount of actual damage, if any, which the jury might find the plaintiff is entitled to, *held* not objectionable as misleading or assuming that the jury should find some amount of damages in view of the fact that the words "if any" are used following the words "amount of actual damage," and in view of other instructions given.

4. **LIBEL AND SLANDER:** Slanderous Charges in one Conversation: One Cause of Action. Where several slanderous charges are all made in a single conversation though relating to distinct offenses, that constitute but one cause of action, and should all be embraced in a single count.

5. ————: **Petition in Three Counts: Single Cause of Action: Damages: Verdict on Each Count: Error Cured by Remittitur.** In an action for slander, where the petition contained three counts, and the evidence shows that defendant in one conversation, the substance of which charged the plaintiff with being a thief, that he stole defendant's furs, his trap, and his corn, the words, under the circumstances, constituted one single cause of action, and the plaintiff had no right to divide the conversation into parts and make it the basis of several distinct causes of action, and recover judgment on each count, and having done so and having recovered a judgment of $1000 on each of three counts, the point having been saved by motion in arrest of judgment, the error would be cured by a remittitur of $2000 leaving the judgment stand for the difference, the sum of $1000.

Appeal from the Circuit Court of Marion County.—*Hon. Charles T. Hays*, Judge.

AFFIRMED (*conditionally*).

*H. S. Rouse, Ben F. Glahn, O. C. Clay, E. A. Dowell,* and *Stewart & Stewart* for appellant.

*J. L. Brightwell, A. F. Haney, Hilbert & Henderson* and *Hays, Heather & Henwood* for respondent.

BIGGS, C.—The action is one for slander. Following the verdict of a jury the plaintiff had judgment for $3,000 actual damages, from which defendant has duly perfected an appeal.

The petition is in three counts. It is first charged that the defendant in the presence and hearing of one Arch Graves maliciously spoke of and concerning the plaintiff false and slanderous words, namely, "Charley Rodefer is a God damned thief. If I rent you my place I want it understood that you are to keep that God damned thief of Charley Rodefer off the place," thereby intending to charge the plaintiff with the crime of larceny and dishonesty. The second count charges that the defendant likewise spoke of the plaintiff in the presence of said Graves the following words, to-wit: "That he (meaning the plaintiff) and I, (meaning the defendant) were trapping on the shares and each of us had a key to the smoke house where we kept our furs, and the God damned thief (meaning the plaintiff) went to the smoke house and stole my furs and left his there, and that the God damned thief stole my trap and left his alone." The third count charges that the defendant spoke of the plaintiff in the presence of said Graves these words: "The God damned —— (meaning the plaintiff) borrowed a sack of corn from me and then went and stole a sack of corn out of my crib to pay me back."

By his answer to the first count the defendant denied uttering the words charged, but averred that he did say of the plaintiff to said Graves the following words: "From the dealings I have had with Charley Rodefer and from what I have heard about him, I am convinced he is a damned thief, and if I rent you my place I want it understood you are to keep him off the place." Defendant then pleads the truth of said statement as a justification for the charge.

As to the second count, defendant likewise denies that he uttered the words charged in the petition, but avers he did say of the plaintiff the following: " I had

two pole cat hides hanging up in the smoke house and Charley Rodefer had five, and it is damned strange to me that any man would walk under his five hides and take my two, and leave his five hanging there, and nobody but Charley and I had keys to the smoke house.'' The truth of the words spoken is set up as a bar to plaintiff's claim.

Further answering as to the said second count, defendant admits he spoke of the plaintiff words as follows: ''I had one trap and Charley had one trap fastened to the same stake and it looked damned strange to me that a man would take my trap and leave Charley's there, and that it looks damned funny that it is always my things that is taken and Charley's is left there.'' The truth of these words is likewise set up as a justification of the charge.

Answering the third count, defendant denied the speaking of the words as charged, but averred that he did utter to said Graves the following words: ''He borrowed a sack of corn from me and I saw him coming over from my corn crib with a sack of corn on his back, and saw him throw it into his wagon, and when I started down there I saw him take the sack of corn out of his wagon and take it back to my corn crib, and emptied it out and says now you can't say I didn't brung it back, and I says to him that I saw you brung it out of the crib as I came down the road, and he admitted that he did get it out of the crib.'' Defendant pleads the truth of these admitted words as justification.

In mitigation of the damages claimed by plaintiff, defendant averred that he was well acquainted with the people in the neighborhood of plaintiff, and that before the speaking of the words charged he had talked with a great many persons in reference to the honesty and integrity of the plaintiff; and that it was current and general rumor in the community that he was dishonest, and defendant had been informed by many reputable citizens that plaintiff had stolen a heifer that was shipped from Texas and that plaintiff had stolen

wheat from his father-in-law and various other articles from other persons, and that by reason of his dishonesty plaintiff was expelled from an organization known as the Anti-Horse Thief Association, organized for the purpose of apprehending thieves in the community, and defendant denied that whatever words he did speak of and concerning the plaintiff were spoken maliciously or with the intent to injure the plaintiff, but that he made the statements in good faith honestly believing them to be true, and that plaintiff has not been damaged thereby.

The reply was a general denial of the new matter contained in the answer.

The words charged in the petition impute to the plaintiff the commission of a crime, and are slanderous *per se.* Plaintiff's evidence tended to prove enough of the exact words charged in the petition to constitute the gist of the slander, namely, that the plaintiff was a thief.

Complaint is made of the action of the court in instructing the jury as to the first count as follows:

"The court instructs the jury that the defendant William Brooking admits in the answer filed by him to the first count of plaintiff's petition that he spoke of and concerning the plaintiff, Charley L. Rodefer, in the presence and hearing of Arch Graves the following words, to-wit: 'From the dealings that I have had with Charley Rodefer and from what I have heard about him I am convinced that he is a damn thief.' The court instructs the jury that the speaking of such words by defendant constitutes slander as a matter of law, and the jury are therefore instructed to find for the plaintiff on the first count of his petition, if they shall find that the plaintiff was damaged by the speaking of said slanderous words unless the jury shall further find from the evidence that the said words so spoken by the defendant were true."

The gist of the charge in the first count was that "Charley Rodefer is a God damned thief." The ad-

mission in the answer is that defendant said "I am convinced he (Charley Rodefer) is a damned thief."

The rule is well established in these cases that it is essential that the evidence tend to prove enough of the exact words laid in the petition to constitute the slander charged. All of the words need not be proved, as many of them may be immaterial, and additional words may be proved which are not necessary to and which do not destroy the charge. It is essential that enough of the exact words charged in the petition must be proved to make out the precise slander charged. [Haynes v. Robertson, 190 Mo. App. 156, 175 S. W. 290; Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241; Hauser v. Staigers, 137 Mo. App. 560, 119 S. W. 52.] By his answer the defendant admitted the speaking of enough of the identical words charged in the first count of the petition to constitute the slander, and hence the court did not err in giving the instruction referred to.

Defendant claims error by reason of the refusal of the court to give his instructions Nos. 8 and 9, which told the jury that if defendant used the words as set out in his answer and did not not use the language charged by plaintiff in his petition, then the verdict must be for the defendant. In view of the fact, as heretofore stated, that the answer admitted the speaking of enough of the exact words to constitute the slander, it was clearly not error to refuse these instructions.

By plaintiff's instruction No. 9 the court told the jury that the evidence in reference to the general reputation of the plaintiff and in reference to rumors and reports about plaintiff being guilty of certain specific charges should not be considered as evidence of the truth of the words spoken by defendant charging plaintiff with the crime of larceny, in case they should find that defendant did speak such words, but that such matter could only be considered as bearing upon the amount of actual damage, if any, which the jury might find the plaintiff is entitled to.

Objection is made to this instruction on the theory that it is misleading to the jury and assumes they should find some amount of damages. We do not think that the instruction is subject to the criticism leveled against it, in view of the fact that the words "if any" are used following the words "amount of actual damage," and in view of the further fact an instruction was given on behalf of defendant in which the jury were told that if they found from the evidence that the general reputation of plaintiff was bad, then that fact should be taken into consideration in passing upon plaintiff's right to recover, and that if in considering such fact the jury should find plaintiff had not been damaged by the charges made, then that they must find for the defendant.

However, it appears to us that this judgment upon the face of the record cannot stand. The judgment for $3,000 is based upon three separate and distinct causes of action set forth in three counts. There was a verdict for $1,000 actual damages on each count. No punitive damages were allowed. It appears from the petition and also by the uncontradicted evidence that the charges are based upon a single conversation had between the defendant and the witness Arch Graves, in which conversation it is alleged, and evidence introduced tended to support the allegation, that the defendant charged the plaintiff with being guilty of one offense three times in the same conversation. According to plaintiff's evidence, there were several utterances of the same slander made in one conversation at the same time. While each of said charges, if proven, was actionable, still the speaking of the words under the circumstances constituted one single cause of action, and the plaintiff had no right to divide the conversation into parts and make it the basis of several distinct causes of action.

Plaintiff's evidence tended to show that on the 23rd day of January, 1917, defendant had a conversation with plaintiff's witness Arch Graves, the substance of which was that the defendant charged the plaintiff with being

a thief, that he stole defendant's furs, his trap, and his corn. This was in substance one charge, the imputation of larceny. It matters not in how many different forms or phrases of speech the charge is made or repeated in the same conversation there is but one action. If one makes slanderous charges against another in a single conversation, in a dozen different forms or phrases of speech, the one slandered cannot maintain a dozen different causes of action. The rule would be otherwise if the slanderous words were uttered at different times and on different occasions.

In 17 Ruling Case Law, page 388, the rule is laid down as follows: "If several slanderous charges are all made in a single conversation, though relating to distinct offenses, they constitute but one cause of action and should all be embraced in a single count."

In Thompson v. Harris, 64 Kansas 124, 91 A. S. R. 187, it is said: "It is well settled that when there are different sets of words, spoken at a particular time, although they charge distinct offenses, there will be but one cause of action. And that a count of a petition in an action for slander, which sets out the entire conversation in which the slander was spoken, contains only one cause of action, although the conversation consist of several parts, each of which is actionable."

In 25 Cyc., page 435, it is said: "Where in one conversation or one article various expressions are used, all imputing the same defamatory charge, each separate expression is not cause for a separate action."

Other authorities are to a like effect. [See Cracraft v. Cochran, 16 Iowa, 301; Coleman v. Playstead, 36 Barb. (N. Y.) 26; Galligan v. Sun Printing Company, 25 Misc. (N. Y.) 355; Hellstein v. Katzer, 103 Wis. 291; Arnold v. Garth, 10 Ky. Law Reports, 320; Estee-on Pleading (3 Ed.), section 1717; Maxwell on Code Pleading, 352.]

The other errors assigned have been considered and appear to be without merit.

Rodefer v. Brooking.

While the error referred to was not in anywise called to the lower court's attention either prior to or during the trial, defendant did file a motion in arrest of judgment, which we think was sufficient to save the point. We see no reason, however, why the error referred to cannot be cured here by a remittitur; and in the event plaintiff is willing to remit the amount recovered on two of the counts, namely, $2000, the judgment will be permitted to stand for the difference, the sum of $1000. It is therefore recommended that in the event plaintiff will remit $2000 within ten days the judgment should be affirmed for $1000, otherwise the judgment will be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed, provided plaintiff enters a remittitur of $2000 within ten days, otherwise the judgment is reversed and the cause remanded. *Allen* and *Becker, JJ.,* concur.