BERRY v. DRYDEN.

1. In slander, although the words proved are equivalent to the words charged in the declaration, yet not being the same in substance, an action cannot be maintained; and although the same idea is conveyed in the words charged, and those proved, yet if they are not substantially the same words, though they contain the same charge, but in a different phraseology, the plaintiff is not entitled to recover.

2. Quaere. Whether a court can instruct a jury as to the weight and tendency of evidence?

Error to the Daviess Circuit Court.

*Opinion of the Court, delivered by Scott, Judge.*

Francis Berry brought an action of slander against William Dryden. The declaration contained four counts, of which the plaintiff relied on the first two. In these, the words charged to have been spoken, were the following: "He, (meaning the plaintiff,) had sworn a lie in Kentucky, and that it was in him, for he had sworn what he could prove to be a point blank lie, this day, before Squire Davis. He, (meaning the plaintiff,) had sworn a lie in Kentucky, and that it was in him, for, he had sworn what he could prove to be a point blank lie, this day, before Squire Davis."

On the trial it was proved that the defendant had said of the plaintiff, that he had sworn off a just account, before Squire Davis, and that he would, or could prove *it*, at the circuit court by a witness; that he had been had up for perjury in Kentucky, and the records would show it.

The defendant's counsel moved the court to instruct the jury, that the words laid in the declaration were not supported by the proof. This instruction was given and excepted to, and is now assigned for error.

The plaintiff has made a preliminary objection to the instruction, and insists, that it is the province of the jury and not of the court, to determine whether there is such an identity between the words proved, and those laid in the declaration, as will support the action. This position cannot be maintained. Whether a variance exists or not, between the declaration and proof, is a question exclusively for the de-

APRIL TERM.
1842.

Berry
v.
Dryden.

termination of the court. The jury ascertains what words were spoken, and if there is a variance between them and the words contained in the declaration, will look to the opinion of the court, in order to be informed, whether it is of such a nature as will defeat the action.

After the many decisions that have been made on the subject of variance, in actions of slander, no authority will be required, to show that the words proved to have been spoken, are not substantially the same as those laid in the declaration. The rule is stated in the books, that the slander proved must substantially correspond with that charged in the declaration. By this, it is not to be understood, that if certain words are employed to convey a slanderous imputation, those words will support a declaration containing the same imputation in different words. The meaning of the rule seems to be, that, if the words charged to have been spoken are proved, but with the omission, or addition of others not at all varying, or affecting their sense, the variance will not be regarded. Although the words proved are equivalent to the words charged in the declaration, yet not being the same in substance, an action cannot be maintained; and although the same idea is conveyed in the words charged and those proved, yet if they are not substantially the same words, though they contain the same charge, but in different phraseology, the plaintiff is not entitled to recover. In Maitland v. Goldney, 2 East 438, it is said, "Though the plaintiff need nor prove all the words laid, yet he must prove so much of them, as is sufficient to sustain his cause of action, and it is not enough for him to prove equivalent words of slander." It is necessary that this rule be adhered to, in order to let the party know what he has to defend, and that he may not be held responsible for the misunderstanding of the witnesses, as he might, if they were permitted to testify as to the import of his words. 2 Phil. Evidence, 97.

It is also assigned for error, that the court instructed the jury, that there was no evidence that the plaintiff was sworn before the justice. This objection is well taken. There were circumstances, from which a jury might have inferred,

In slander, although the words proved are equivalent to the words charged in the declaration, yet not being the same in substance, an action cannot be maintained; and although the same idea is conveyed in the words charged, and those proved, yet if they are not substantially the same words, though they contain the same charge, but in different phraseology, the plaintiff is not entitled to recover.

Quaere. Whether a court can instruct a jury as to the weight and tendency of evidence.

that the plaintiff was sworn, and it was their province to weigh them. The slander itself, admitted that the party was sworn. Without giving a settled opinion on the subject, it may well be doubted, whether a court is warranted in giving such an instruction in any case. What is, or is not evidence, is a question of law for the determination of the court. The weight and tendency of that evidence, must be ascertained by the jury. When a particular mode or form of proof is required by law, to establish a fact, the court will determine whether the law has been complied with, and will reject, or admit the evidence accordingly; but whether a fact requiring no formal proof, and whose existence may be inferred from the other facts and circumstances in the cause, has been proved or not, is a question for the jury to determine, and not the 'court. Jurors are presumed competent to discharge the duty assigned them, in the administration of justice, and they will know whether any evidence tending to establish a fact has been produced or not—they need not be informed of it, and the court cannot instruct them as to the tendency of evidence, without usurping their province. Can it be error for the court to refuse such an instruction? Suppose a fact in evidence, in the opinion of the jury, tends to the proof of another fact, is it for the court to tell the jury, that such fact has no such tendency?

As the plaintiff upon the whole record has shown, that he is not entitled to recover, notwithstanding this error, the judgment will be affirmed.