Speaker v. McKenzie.

———◦◦◦◦———

SPEAKER, Plaintiff in Errror, v. McKENZIE, Defendant in Error.

1. Words charging that a man had whipped his mother are not actionable in themselves; special damage must be alleged.

*Error to Livingston Circuit Court.*

This was an action for slanderous words. The words charged, leaving out the innuendoes, are as follows: "He whipped his mother;" "he whipped his mother and ——— told me so;" "one Mr. ——— told me that he had whipped his mother and left."

The court sustained a demurrer to the petition.

*Ewing*, for plaintiff in error.

The words charged are actionable. The gravamen in an action of slander is social degradation. The words in this case charge such a criminal violation of filial obligations and duties as necessarily involves social degradation. The phrase

"assault and battery" includes the various grades of that offence, and is punishable according to the grade by fine, or by both fine and imprisonment in the county jail or in the penitentiary. Simple assault and battery is punishable by imprisonment if the fine is not paid. Plaintiff was charged with having committed the crime in the state of Ohio and fled therefrom in consequence of it. At the common law, assault and battery was an indictable offence and punishable by fine and imprisonment, and in some cases by ignominious penalties, such as pillory. (2 Black. 166.) The common law will, in the absence of proof, be presumed to be the law of Ohio. (Baker v. Pierce, 6 Mod. 24 ; 1 Bulst. 40 ; Stark. on Slander, 15, 26 ; Onslow v. Horne, 3 Wills. 177 ; Holt v. Shaffield, 6 T. R. 691.) Words which charge or import a crime punishable by law, whatever may be the nature or degree of the crime, are actionable in themselves. (1 Swift, 484 ; see also Woodbury v. Thompson, 3 N. H. 194 ; 14 Johns. 233.)

*Gardenhire & Lay*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

This was a suit for slander, and the words alleged to have been spoken are that the plaintiff had whipped his mother. This charge imputed only an assault and battery, and the words laid in the petition are not actionable without the averment of special damage. (Birch v. Benton, 26 Mo. 153.) The demurrer to the petition was properly sustained ; and the other judges concurring, the judgment will be affirmed.