JOHN COGHILL, Respondent, *v.* GUY CHANDLER, Appellant.

*Slander—Evidence.*—In an action for slander, it is sufficient if the words proved substantially correspond with those alleged in the declaration. It is not necessary to prove all the words, unless they constitute one entire charge.

*Appeal from Adair Circuit Court.*

*B. G. Barrow*, for respondent.

*Davis & Davis*, and *Bush*, for appellants.

The first instruction asked by the defendant should have been given, because the evidence introduced by the plaintiff did not show that the defendant spoke the words charged, and the evidence that he spoke, interrogatively, similar words of like import would not support plaintiff's action, there was a fatal variance, and this was a proper question for the court to determine. (See case Berry v. Dryden, 7 Mo. 334 ; Birch v. Benton, 26 Mo. 153.)

The instructions given upon the part of the plaintiff were not law in the case, and were calculated to mislead the jury for the reason that the instructions do not set out the words charged in either count of the petition, but only a part of them ; and to instruct the jury that if they found that defendant spoke the words specified in the instructions, or substantially those words, "They should find for the plaintiff," was wrong, because it was calculated to mislead the jury. 2d. The law requires the words to be proven as charged, and these being the words claimed to impute the injury to the character, they could not be proven by other words the same in substance. (See Birch v. Benton, 26 Mo. 153 ; and 29 Mo. Atterberry v. Powell, 429 ; and Berry v. Dryden, 7 Mo. 334.)

BAY, Judge, delivered the opinion of the court.

This was an action for slander. The petition contains three counts, and the words alleged to have been spoken, except in the second count, which seems to have been abandoned upon the trial, impute to the plaintiff the crime of larceny.

In his answer the defendant denies having spoken the words contained in the petition, and this is the only issue made by the pleadings.

Among the instructions asked by the defendant is the following:

"That the words charged in plaintiff's petition to have been spoken by the defendant is not supported by the evidence, and the jury will find for the defendant."

The court refused this instruction, and such refusal is the chief reliance of the defendant for a reversal of the judgment.

We are of opinion that the court properly refused this instruction. The rule in such cases is that the words proved must substantially correspond with those alleged in the declaration. It is not necessary to prove all the words said, unless they constitute one entire charge; thus, as stated by Phillipps, in his Treatise on Evidence, vol. 3d, 551, it is not necessary to prove the whole of a continuous sentence alleged on the record, provided the meaning of the words proved is not varied by the omission of the others. If a petition should allege that the defendant spoke of and concerning the plaintiff the words—*he is a bold thief*, and the words proved were—*he is a thief*, this would not constitute a material variance, for the word *thief* is the material word in the charge.

In Berry v. Dryden, 7 Mo. 324, Judge Scott declared the rule to be, that if the words charged to have been spoken are proved, but with the omission or addition of others not varying or affecting their sense, the variance will not be regarded.

In the case under consideration, the words in the first count of the petition are: I believe John Coghill shot my dog, and he shot him for the purpose of stealing, and *he is the fellow that stole my molasses*.

The proof does not show that the defendant uttered all the words alleged, but it is shown that in speaking of the plaintiff, he said *he is the fellow that stole my molasses*. The absence of proof to show that he also uttered the other words

imputed to him does not, under the rule laid down, consti-
tute a material variance—the words *he is the fellow that
stole my molasses*, embracing within themselves, and inde-
pendent of what preceded them, an allegation of larceny.

Several instructions asked by defendant and refused were
unobjectionable, but inasmuch as they were substantially
given in others, their refusal furnishes no ground of error.
Other instructions were properly refused for the reason that
there was no evidence upon which to predicate them.

Upon the whole, we see no such error in the proceedings
below as will justify this court in reversing the judgment.

With the concurrence of the other judges the judgment
will be affirmed.