WILLIAM H. BRIDGMAN, Respondent, v. JOHN ARMER, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1.  Slander: WORDS IMPUTING FELONY: MERE ABUSE.   Words imputing a felony, such as "you are a thief" are actionable *per se* and their utterance has only to be proven to constitute a *prima facie* case, but if it appears that the words were used as a mere term of abuse and there was in point of fact no imputation of actual theft conveyed thereby, there is no cause of action; and under the facts of this case it was error to refuse an instruction to this effect.

2. ———: ———: APPLICATION OF TERMS USED. Though the words be actionable *per se* if, from plaintiff's own showing, it appears the words were not used in an actionable sense, he will be nonsuited; but if the evidence makes it doubtful whether the terms were used or applied in a felonious sense, it is a question for the jury.

3. ———: PROVOCATION FOR MITIGATION. The principle which allows proof of provocation in mitigation of damages is the same in slander as that which is applicable in case of assault.

4. ———: INSTRUCTIONS. The court makes certain suggestions as to the giving of certain instructions.

*Appeal from the DeKalb Circuit Court.*—HON. WM. S. HERNDON, Judge.

REVERSED AND REMANDED.

*Wm. Henry* for appellant.

(1) To charge a man with being a thief in general terms may be actionable, because it imputes an indictable offense involving moral turpitude, but if it appears that the word "thief" was used as a mere term of abuse, and that in fact there was no imputation of actual theft conveyed by it, there is no cause of action, and in such case, and indeed in all cases, where, from the plaintiff's own showing, it appears that the words were not used in an actionable sense, the plaintiff will be nonsuited. 2 Add. on Torts [Wood's Ed.], 345, 346; 2 Greenleaf on Ev., sec. 423. (2) In order to render such words so spoken actionable, it must be apparent, either from the absence of qualifying words, or from the surrounding circumstances, that they were intended to convey the meaning ordinarily given them, and that they were understood in such sense by those who heard them. 2 Add. on Torts [Wood's Ed.], 346, and note 1; *Stoddard v. Linville*, 3 Hawks (N. C.), 474; *McKee v. Ingalls*, 4 Scam. (Ill.) 30; Cooley on Torts [2 Ed.], s. p. 199, and authorities there cited;

*Haynes v. Leland,* 29 Me. 237; *Williams v. Cawley,* 18 Ala. 206. (3) It may be shown, in mitigation of damages, that the words, although actionable *per se,* were spoken in heat of passion, or that the defendant was incited and provoked to utter them by some act or declaration of the plaintiff contemporaneous, or nearly so, with the utterance, where the act or declaration is the proximate cause of the words. *Mousler v. Harding,* 33 Ind. 176; s. c., 5 Am. Rep. 195; 1 Hill on Torts [3 Ed.], 405, sec. 70; *Ritchie v. Stenius,* 41 N. W. Rep. 687; s. c., 73 Mich. 563; *Haynes v. Leland, supra; McClintock v. Crick,* 4 Iowa, 453; *Powers v. Presgroves,* 38 Miss. 227; Town. on Slander, sec. 414, and note.

*J. F. Harwood* for respondent.

It is not contended by appellant that the words charged in the petition are not actionable *per se,* if they had been spoken by defendant, without the additional aggravation of an assault. In other words, it seems to be contended by my brother Henry that an assault and battery is a perfect antidote to slanderous words spoken during the battle; or, again, that it is the law of this state that one person may publicly call another person a thief, without any danger of liability, provided he accompany the charge of larceny with a blow between the eyes; or, still, that, when one person has another down, and is pounding him, that anything the aggressor says is a privileged communication in the way of abuse.

ELLISON, J.—Plaintiff instituted this action by filing a petition alleging that defendant had slandered him by charging him with being a thief. The allegation was in different forms and was accompanied with

opprobrious epithets. Plaintiff recovered $400 and defendant appeals.

The evidence clearly showed that defendant had uttered the words charged and had applied them to plaintiff. The evidence further tended to show that plaintiff was defendant's tenant and that there was a difficulty between the parties arising over plaintiff's refusal to deliver defendant's portion of the oats which were then being threshed, the difficulty having occurred at the threshing machine; plaintiff asserting his understanding of the contract to be that he was not to deliver the oats in defendant's bin. When plaintiff asserted this understanding of the contract on his part, defendant at once became greatly enraged and immediately commenced an assault upon plaintiff, at and during which time the slanderous words were used and the vile epithets applied. The men engaged in threshing were hearers of the words and witnesses to the scene.

The defendant was refused instructions directing the jury, in substance, that though he spoke of and concerning plaintiff the words, "You are nothing but a low down thief," or, "You are a trifling low down thieving son of a bitch;" yet if the jury believed from the evidence that the words were merely used as terms of abuse and reproach and were not intended as the truth, and were understood by the hearers as mere terms of abuse and not as being intended to charge, as a fact, that plaintiff was a thief, then the jury should find for defendant. In our opinion such instruction should have been given. One may slander another in words which on their face do not imply a charge slanderous *per se*, but it is permissible to show from the circumstances and surrounding that it was nevertheless so intended. So, on the other hand, one may make use of words which of themselves,

unexplained, would be slander *per se*; but if the facts and circumstances appearing in evidence show that such a charge was not intended and was not so understood by the hearers, then it is not slander. When such words are shown to have been uttered, it makes a *prima facie* showing that they were intended to convey the charge which they imply and if any other meaning is sought to be given them, defendant must establish it, unless it appears on plaintiff's own showing. "Simply to call a man a thief is *prima facie* actionable, as it imputes felony, but if it appears that the word was used as a mere term of abuse, and that there was in point of fact no imputation of actual theft conveyed by it, there is no cause of action. Thus, where the defendant said of the plaintiff, 'he is a damned thief, and so was his father before him,' but it appeared that the words were uttered in the heat of anger during a conversation respecting the plaintiff's refusal to pay over some money which he had received as executor, Lord ELLENBOROUGH directed a nonsuit, saying that it was manifest from the whole conversation that the words as used did not impute a felony." 2 Addison, Torts, sec. 1119; see, also, Cooley on Torts, 199.

To call another a "thief" is not necessarily actionable. When it is apparent from the circumstances under which the words are spoken that they are not intended or understood as charging a felony they are not actionable. *Quinn v. O'Gara*, 2 E. D. Smith, 388; *McKee v. Ingalls*, 4 Scam. 30; *Haynes v. Haynes*, 29 Maine, 247; *Jarvis v. Hathaway*, 3 Johns. 180.

In the case at bar a misunderstanding arose between these parties concerning the delivery of the oats then being threshed. This was undoubtedly the immediate provocation for the words and epithets used by defendant concerning the plaintiff. If, under those

circumstances, such words were only intended as terms of abuse and not as imputing a crime which had been committed by plaintiff and were so understood by the hearers, there was no slander. Odgers on Libel and Slander, 109; *Penfold v. Wescote*, 2 Bos. & P. N. R. 335. In *Fawsett v. Clark*, 48 Maryland, 494, the court said that the circumstances showed "that the terms of reproach used were mere abuse,—the outpouring of a passion; 'liar', 'thief', 'confidence man', were uttered in quick succession, in reference to the contents of the letter, explaining to all who heard them the sense in which they were used."

In this case the defendant offered no evidence in his own behalf in explanation of the words he used. But the circumstances upon which the refused instructions were asked appeared from plaintiff's case. "If from plaintiff's own showing, it appears that the words were not used in an actionable sense, he will be nonsuited." 2 Greenleaf on Ev., sec. 423; *Haynes v. Haynes*, 29 Maine, 251. If the evidence makes it doubtful whether the terms were used or applied in a felonious sense it is a question for the jury. *Haynes v. Haynes*, *supra*, 249.

We gather from the brief for defendant that mitigation of damages will be sought in this case on the ground of provocation. We have not discovered anything in the case in the way of provocation. The principle which allows proof of provocation in mitigation of damages is the same as that which is applicable in case of assault. Newell on Def. and Slander, 520. Defendant, without any thing appearing upon plaintiff's part but the most respectful and gentlemanly conduct, began a brutal assault upon him, accompanying it with the words charged. The whole question, so far as now appears in the case, is whether a crime was intended to be charged against plaintiff; if it was,

defendant should be made to bear the consequences which the law puts upon such conduct. If it was not so intended and, under the circumstances, was not calculated to be so understood by the hearers, then no case is made.

Defendant's instruction number 4 was properly refused since it does not include the hypothesis of defendant's intention to charge a crime and of the understanding of the parties present as to what was meant by the words as they were used and applied. Number 5 should he given by omitting the words, "in which reproachful or abusive language was used in anger by each party against the other," since there was no evidence of plaintiff using any abusive or reproachful language. Numbers 6 and 7, should have been given as asked.

The judgment will be reversed and the cause remanded. All concur.