HAUSER, Respondent, v. STEIGERS, Appellant.

St. Louis Court of Appeals, May 11, 1909.

1. **SLANDER: Pleading: Variance.** In an action for slander, where the slanderous words are not proven exactly as alleged in the petition, but enough of them are proved to have been spoken to express the accusation, the omission to prove immaterial words mentioned in the petition, or proving the use of immaterial words not laid in the petition, constitutes no fatal variance.

2. **PRACTICE: Instruction: Conceded Fact.** It is not necessary for the trial court, in instructing the jury, to submit an issue of fact for their finding about a matter concerning which there is no controversy.

3. **SLANDER: Punitive Damages: Instruction.** In an action for slander, it was error to instruct the jury in such a way that if they found a verdict for the plaintiff they should allow him punitive damages; punitive damages in such case should not be allowed unless the defendant uttered the slander maliciously, and even if the jury should so find it was in their discretion to refuse to award such damages.

4. ———: ———: ———: **Ground Covered.** But where such an instruction was given in an action for slander, and other instructions were given, correctly placing the matter before the jury so that they could not be misled by the erroneous instruction, it is not reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Dan'l G. Taylor,* Judge.

AFFIRMED.

*Robert & Robert* for appellant.

(1)   (a)   To render words actionable *per se,* where the charge is the commission of a crime; the crime charged must be indictable, or punishable by imprisonment, or other corporal penalty, or punishable by an infamous punishment; and they must make out the charge without requiring any help from the surrounding facts.   Bigelow on Torts (8 Ed.), ch. IX, sec. 1, p. 285; Curry v. Collins, 37 Mo. 328; Bundy v. Hart, 46 Mo. 462; Houston v. Woolley, 37 Mo. App. 24.   (b)   The words charged in the petition are not actionable *per se.*   By pleading the extrinsic facts, plaintiff concedes this proposition.   Christal v. Craig, 80 Mo. 367; Legg v. Dunlevy, 80 Mo. 558, and cases p. 563; Powell v. Crawford, 107 Mo. 595; Boyce v. Aubuchon, 34 Mo. 315; Krup v. Corley, 95 Mo. App. 640.   (c)   Instructions 1, 2, 4 and 5 all ignore the surrounding of extrinsic facts, which must be pleaded and proved in order to render such words actionable.   These instructions erroneously permit a recovery on the theory that the words were slanderous *per se,* and require no finding of facts other than the words alleged to have been spoken.   Birch v. Benton, 26 Mo. 153.   (2)   The court erred in giving instruction number 8, as by this it directed the jury to assess punitive damages, if the jury found for the plaintiff, instead of leaving it to the discretion of the jury.   Carson v. Smith, 133 Mo. 606; Nicholson v. Rogers, 129 Mo. 136; Carmody v. Transit Co., 122 Mo. App. 349; Callahan v. Ingram, 122 Mo. 372.   (3)   The court erred in giving instruction number 7 for plaintiff, as it ignored all of the evidence given by the plaintiff and the defend-

Hauser v. Steigers.

ant, that defendant was actuated by malice. Lewis v. Jannopoulo, 70 Mo. App. 325; Friedman v. Pub. Co., 102 Mo. App. 683. (4) The instruction that plaintiff could not recover should have been given at the close of the plaintiff's case; as was said by Phillips, Jr., in Christal v. Craig, "Though the charge be substantially the same, yet if in different phraseology, it will not support the action." Berry v. Dryden, 7 Mo. 324.

*Sterling P. Bond* for respondent.

(1) The respondent's petition states a cause of action. Where the words are not actionable *per se*, it is incumbent upon the plaintiff to allege that they were meant to convey a sense in which they were actionable *per se*, and were so understood by the hearers or bystanders. This plaintiff did. Christal v. Craig, 80 Mo. 367; Unterberger v. Sharff, 51 Mo. App. 110; McManus v. Jackson, 28 Mo. 58; Curry v. Collins, 37 Mo. 327; Barbee Jt. v. Herford, 48 Mo. 324; Noland v. Taber, 49 Md. 461. Cited with approval by the Enc. of Forms of Pleadings and Practice, Vol. 17, p. 235. (2) The respondent did prove the slanderous words used. However, it is not necessary that words should be identical, for there is no fatal variance where words not set out in the pleadings are proved, where such words do not modify the sense of the defamatory words, nor where words set out in the pleadings are not proved, provided such words are not essential to the defamatory meaning. (3) It is sufficient if he proves enough of the exact words charged in the petition or substantially the same words which contain the gravamen of the charge made. Noeninger v. Vogt, 88 Mo. 592; Unterberger v. Scharff, 51 Mo. App. 108; Birch v. Benton, 26 Mo. 153; Pennington v. Weeks, 46 Mo. 217; Lewis v. McDaniel, 82 Mo. 577; Mix v. McCoy, 22 Mo. App. 488; Corey v. Aubuchon, 25 Mo. App. 91; Nicholson v. Rogers, 129 Mo. 136. (4) The jury found for the plaintiff and in

so doing found that the defendant had published the slander with which he was charged and upon that finding the plaintiff was entitled to have actual damages assessed in his favor, the slander being of that character from which the law implies such damages. Courtney v. Blackwell, 150 Mo. 277. (5) The jury also found that the slander had been maliciously uttered and it was also within their province to assess exemplary damages in respondent's favor. All of the instructions given by the court, whether for the plaintiff or defendant, must be taken and read together, and if being so read, they are consistent and not calculated to mislead the jury, the judgment should be permitted to stand. Pounds v. Coburn, 210 Mo. 115; Hart v. Railroad, 55 Mo. 476; Whalen v. Railroad, 60 Mo. 323; Reilly v. Railroad, 94 Mo. 660; Dickson v. Railroad, 104 Mo. 49; Czezewzka v. Railroad, 121 Mo. 215.

STATEMENT.—Plaintiff demanded both actual and punitive damages for a slander alleged to have been spoken of him by defendant. The slanderous remark is laid in the petition in two forms: first, "I know all about that waiter (meaning, pointing out and at the plaintiff); there was five dollars in the pocketbook." Second: "That waiter (meaning, pointing out and at the plaintiff) has got the pocketbook; there was five dollars in the pocketbook." As explanatory matter and by way of inducement, the petition states plaintiff on the day the slander was uttered, or July 10, 1905, was a waiter in a cafe at the northeast corner of Seventh and Locust streets, where defendant, accompanied by a young lady, entered to eat luncheon and it became plaintiff's duty to serve them and he did so. After they had finished their meal and arisen from the table, defendant said a pocketbook belonging to the young lady, and with five dollars in it, had been taken by plaintiff from the table at which defendant was served. The petition then avers the speaking of the slanderous words

to John Beltram, who was in charge of the cafe; alleges they were wickedly and maliciously spoken with the intent to injure plaintiff in his good name, fame and credit, and to cause to be believed and suspected he had been guilty of stealing the pocketbook with money in it; that defendant spoke the words in an angry tone of voice, with a perceptible angry expression on his face and in the hearing of others than plaintiff; that defendant intended by said words to accuse plaintiff of the crime of stealing the pocketbook with five dollars in it and was so understood by the persons who heard the words. The answer was a general denial. Witnesses for plaintiff testified defendant said to Beltram, pointing at plaintiff at the same time, "that waiter has got the pocketbook: I know all about it; there was five dollars in it." Also that defendant said "that waiter has got the pocketbook; there was five dollars in it." During the meal there was a pocketbook lying on the table, and after defendant and his guest had left the restaurant they returned and defendant asked plaintiff if he had seen the pocketbook on the table. Plaintiff said he had not seen it since defendant had left, and defendant then said he knew he (defendant) had left it and plaintiff must have it; whereupon the latter said defendant might search him; that if the pocketbook had been left on the table it was still where it had been left. It was not contended at the trial plaintiff had taken the purse. At the conclusion of the evidence defendant requested the court to direct a verdict for him and this request was refused. The main instructions given for plaintiff are complained of and we quote two of them:

"1. The court instructs the jury that it is slanderous to maliciously defame any person by speaking falsely of and concerning such person in the presence and hearing of another or others than the person so falsely spoken of and concerning such person that he has committed a criminal offence under the laws of this State, and if,

therefore, you believe and find from the evidence that the defendant did, in the city of St. Louis, and State of Missouri, on or about the 10th day of July, 1905, speak of and concerning the plaintiff, Herman Hauser, in the presence and hearing of another or others than the plaintiff, the words 'I know all about it, that waiter has got the pocketbook; there was five dollars in it,' and that the words thus spoken were false and thereby the defendant meant to charge, and it was understood by those present that the plaintiff was charged by the defendant with the criminal offence of larceny, then you are instructed that such words were slanderous, and your verdict should be for the plaintiff."

"4.  The court instructs the jury that if you find from the evidence that the defendant did, in the city of St. Louis and State of Missouri, on or about the 10th day of July, 1905, speak of and concerning the plaintiff, Herman Hauser, in the presence and hearing of another or others, than the plaintiff, the words: 'I know all about it; that waiter has got the pocketbook; there was five dollars in the pocketbook,' and that the words thus spoken were false and slanderous, and that thereby the defendant meant to charge, and it was understood by those present that plaintiff was charged by defendant with the criminal offence of larceny, then you are instructed that the law presumes that plaintiff was damaged thereby, and the plaintiff is not required to offer proof of actual damages in order to entitle him to recover."

The second instruction is a counterpart of the first and the fifth of the fourth, except that in the second and fifth the words "I know all about it" were omitted from the alleged slanderous statement, and the jury was required to find only that plaintiff had said "that waiter has got the pocketbook; there was five dollars in it." One instruction, the eighth, relating to punitive damages, is challenged, and as plaintiff says it must be read in connection with the others, we will copy all given for

both plaintiff and defendant on that subject: Those for plaintiff were as follows:

"7. The court instructs the jury that if they find for the plaintiff they must assess his damages at such sum as will fully compensate him for the damages he has sustained by reason of the utterance of the words complained of and which the jury may believe from the evidence were spoken by defendant of and concerning the plaintiff in the hearing of another or others than plaintiff, and if the jury believe that the defendant maliciously uttered the said words, which the jury shall find were so spoken by him, then the jury may add such additional sum by way of exemplary or punitive damages as will punish defendant for the utterance of said words.

"8. The court instructs the jury that if they find a verdict for the plaintiff, in estimating the plaintiff's punitive damages, they may consider the defendant's wealth and his position and influence in society as well as the plaintiff's condition in life and his position in society.

"9. The court instructs the jury that, if they find for the plaintiff and assess exemplary or punitive damages under the other instructions, then they will state the amount they find as actual damages and the amount they find as punitive or exemplary damages separately in their verdict."

For defendant this was given:

"2. If the jury believe from the evidence that the defendant did not speak the words complained of maliciously, or was not actuated by malice in speaking said words, then you cannot allow the plaintiff in your verdict any punitive damages."

The court instructed the jury to return a verdict for defendant if they found he uttered the words of which complaint is made, to-wit: "I left the purse on the table and the waiter has it," and that was all of the charge made; that if the jury found defendant ut-

tered the words, "I know all about it; that waiter has got the pocketbook; there was five dollars in the pocketbook," the verdict must be for defendant, unless they also found he meant to accuse plaintiff of committing petit larceny, and was so understood by those hearing the words, that he spoke them with actual malice and with illwill toward plaintiff, or with wilful or wanton neglect of the plaintiff or with reckless disregard of the consequences of the act, the verdict must be for defendant—an extremely strong instruction.    The jury returned a verdict for plaintiff, awarding him $850 actual damages and $500 punitive damages.    Defendant appealed.

GOODE, J. (after stating the facts).—1.  One assignment of error is for failure to prove the slanderous words alleged in the petition, the allegation being, as we have stated, in two forms.    There was proof defendant used the exact words the petition charges him with having used and in both forms.    This proof was, of course, sufficient.    It is true the witnesses did not all agree as to defendant's exact phraseology and sometimes stated his language with immaterial variations.  Nevertheless, the very words laid in the petition were sworn to by one or more witnesses, while others testified to what the books call "substantially the same words," of which phrase a definition was given in Berry v. Dryden, 7 Mo. 324, that has since been adhered to by the courts. In discussing the evidence in said case in comparison with the slander laid in the petition, the court said no authority would be required to show the words proved to have been spoken were not substantially the same as those laid in the declaration; that the rule required the slander proved substantially to correspond with the one charged; but by this it was not to be understood "that if certain words are employed to convey a slanderous imputation, those words will support a declaration containing the same imputation in different words. *The*

*meaning of the rule seems to be, that, if the words charged to have been spoken are proved, but with the omission or addition of others not at all varying or affecting their sense, the variance will not be regarded.* (Italics ours.) Although the words proved are equivalent to the words charged in the declaration, yet not being the same in substance, an action cannot be maintained; and although the same idea is conveyed in the words charged and those proved, yet if they are not substantially the same words, though they contain the same charge but in different phraseology, the plaintiff is not entitled to recover." In Birch v. Benton, 26 Mo. 153, 163, the court said a variation between the declaration and proof as to the part of the statement that did not affect the sense would be immaterial; "but the words that contain the poison to the character and impute the crime, must be proved as laid; and this seems to be what is meant by the cases when they say that the words proved must substantially correspond with those charged." Again, it has been said "all the words need not be proved; some of them may be omitted provided those proved are those containing the poison to the character and constitute the precise charge of the slander averred." [Lewis v. McDaniel, 82 Mo. 577, 582; citing Birch v. Benton, 26 Mo. 161 and Pennington v. Meeks, 46 Mo. 217.] We understand from the authorities supra and others cited in them, the slanderous accusation may be proved in no other words than those laid in the petition; but if enough of those words are proved to have been spoken, to express the accusation, the omission to prove other immaterial words laid in the petition, or proving the use of immaterial words not laid therein, constitutes no fatal variance. Counsel for defendant in their brief quote the following, among other passages, from the testimony of plaintiff, which we think establish the speaking of the words charged: "He pointed at me and said, 'You have got that pocketbook; that waiter has got that pocketbook; there was five dollars in it;' 'That waiter

has got the pocketbook, I know all about it; there was five dollars in it;' 'That waiter has got the pocketbook; there was five dollars in it." Another witness testified as follows:    "Q. To whom did Mr. Steigers use the words—'I know all about it; that waiter has got the pocketbook; there was five dollars in the pocketbook?' A. To me." We might reproduce other testimony of the same import. This assignment will be overruled.

2.    Complaint is made of the main instructions granted at plaintiff's request for not requiring the jury to find the existence of the extrinsic facts averred in the petition, in order to render actionable the alleged slanderous words, which were not actionable *per se*. It is argued the circumstances needed to attach to the words spoken by defendant an accusation against plaintiff of the criminal offense of petit larceny, should have been found by the jury and the jury should have been required by the instructions to find them. This contention refers to the matter of inducement in the petition wherein plaintiff is alleged to have been a waiter in a cafe; that defendant, accompanied by a young lady, visited the cafe for the purpose of taking a meal and it became plaintiff's duty as an employee to wait on them; that he did so, and after they had finished their meal, arisen from the table and while they were still in the cafe, a pocketbook with five dollars in it, alleged to be the property of defendant's guest, was said by defendant to have been taken by plaintiff from the table at which defendant and his guest were served, etc. If there had been a dispute about these matters, it would have been necessary to submit the truth of the averments to the jury. Instead, the occurrence of the circumstances alleged in the petition was testified to by defendant himself. A court is not bound to make an issue of fact for the jury about a matter concerning which there is no controversy, but may assume the truth of it.    [Van Natta v. Railroad, 133 Mo. 13.]

3. The eighth instruction for plaintiff is said to have carried the implication that if the jury found the verdict for plaintiff, they should allow him punitive damages. They were told if they found a verdict for him, in estimating his punitive damages, they might consider defendant's wealth and position and influence in society, as well as plaintiff's condition in life. In itself and unless the meaning was sufficiently clarified by other instructions, this charge was suggestive of the notion that punitive damages must accompany a verdict for plaintiff; which, of course, was not the law. The allowance of punitive damages depended on whether defendant had uttered the slander maliciously; and even if he had, in its discretion the jury might refuse to award such damages. [Nicholson v. Rogers, 129 Mo. 136, 141.] The instruction should be interpreted in connection with the others bearing on the subject of damages. It will be seen the seventh advised the jury that if they found for plaintiff they must assess his damages at such sum as would fully compensate him for the damage sustained by the utterance of the words, and then advised them, if they believed the words were uttered maliciously, they might add such additional sum by way of exemplary or punitive damages as would punish defendant for the utterance. And the ninth charge said if the jury found for plaintiff and assessed exemplary damages under the other instructions, they should state the actual and punitive damages separately. At the request of defendant the jury were advised they could not allow plaintiff any punitive damages if they found he did not speak the words complained of maliciously and actuated by malice. The eighth instruction was not well drawn; but in view of the other charges we think there was no chance for men of ordinary intelligence to derive the opinion that they had been instructed they must award punitive damages if they found for plaintiff. The charge condemned in Nicholson v. Rogers, was different; for there the jury were told they must award such an

amount of damages as would compensate the plaintiff, as well as punish the defendant for his malicious conduct. The Supreme Court held this charge directed the jury as though the plaintiff was entitled to punitive damages as a matter of legal right and, undoubtedly it did. The eighth instruction in the present case does not so direct; but, at most, is, as said, only suggestive of that view, which suggestion was sufficiently dispelled by the instructions as a whole.

The judgment will be affirmed. All concur.

