## MARTIN L. CAFFEY v. J. H. MOFFATT.

Springfield Court of Appeals, December 6, 1922.

1. **LIBEL AND SLANDER: Special Damage Must be Pleaded When Words are Not Actionable Per Se.** Words to be actionable when spoken of a person not in any office, trade or profession must imply the imputation of an offense which would subject the offender to some infamous crime, and defamatory words falsely spoken of a person, which are not actionable *per se*, only become actionable when special damage is pleaded and proven.

2. ———: **Very Words Charged Must be Proven.** The very words charged in a slander suit must be proven, or enough of the substantial words of the charge to make out the offense, and a charge of slander made up of certain words cannot be sustained by proving different words, though they may convey the same meaning.

3. ———: **Statements Held Not Slanderous Per Se.** Statements by defendant that plaintiff had made affidavit that a story told by him concerning the defendant was untrue were not slanderous *per se.*

Appeal from the Circuit Court of Laclede County.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*Phil M. Donnelly* and *L. C. Mayfield* for appellant.

No brief filed by respondent.

FARRINGTON, J.—This is a suit brought on an alleged slander charge, resulting in a judgment in plaintiff's favor for $400 actual damages and $200 punitive damages. This slander suit grows out of the following facts: The plaintiff here told certain people in his neighborhood and community that the defendant and two other men were seen in company with two women coming out from behind a brush pile out in the country on the farm which belonged to the father-in-law of this defendant. Naturally a great deal of neighborhood gossip and conversation went on about it, over the telephone and otherwise, and the defendant here with the two other men in his town who were being talked about as being in company with these women employed a man by the name of Clough, who practiced in the justice court, to go out and see the plaintiff and get him to make an affidavit which would take away the sting of a dis-

reputable nature with reference to the statement which plaintiff had made concerning this defendant. Apparently from the record the plaintiff refused to sign up an affidavit of such a character. The plaintiff then brought this suit, charging that the defendant spread the report on him that he had made a false statement and that he had taken back what he had said that he had seen. The charge in the petition is that the defendant here stated, "I have a written statement in here (meaning in his place of business at Conway, Mo.) from Caffey (meaning this plaintiff) that there is nothing to this talk going on here." "That the tales being told on him or them had been straightened up by Martin Caffey making and signing an affidavit that there was nothing to it, and that he did not see the men and women together, and everything is all right now." "That Martin Caffey had signed an affidavit but that it did not cover all the grounds he wanted it to." "That Martin Caffey had made an affidavit, and it was not as bad as it was told." "I have an affidavit from Martin Caffey in regard to the tales that they were telling on us." "I have got it all fixed up now, Martin has signed an affidavit and acknowledged in the affidavit that he never saw us." The plaintiff then lays the *innuendo* that such statements were intended to be understood, and were so understood, by the hearers that this plaintiff was a falsifier and a liar, and that by such statements he had been greatly injured in his good name.

One other charge appears in the petition, which is that "Martin L. Caffey lied when he told about seeing the defendant, another man and two women on the Price farm on the 29th day of April, 1921, and that he signed an affidavit and statement wherein he acknowledged that he had lied." With reference to this last charge, we will state that there was no effect to make proof of this charge, as shown by the bill of exceptions before us.

Error is alleged on two grounds. First, that the evidence introduced by the plaintiff failed to make out the charges in the petition; second, that the instruction

asked and given for plaintiff permitted recovery on a finding by the jury on the charges as set forth in the petition, and that there is no evidence which will sustain such finding in this suit. Again, it is charged that Instruction No. 2, given on behalf of plaintiff, is erroneous. That instruction is as follows:

"No. 2. The court instructs the jury that if you find and believe from the evidence that the defendant spoke said words of and concerning plaintiff in the hearing of any of the above named parties and that the defendant meant and imputed, and the party or parties in whose hearing they were spoken, understood them to mean that this plaintiff was a falsifier and a liar, the law presumes they were spoken maliciously because said words, if spoken, are slanderous in themselves."

The law of this case is well settled in this State and has been declared by the courts from the early days of our jurisprudence. It is that words to be actionable when spoken of a person not in any office, trade or profession must imply the imputation of an offense which would subject the offender to some infamous crime. [Nelson v. Musgrave, 10 Mo. 648.; Birch v. Benton, 26 Mo. 153; Speaker v. McKenzie, 26 Mo. 255; Bridgman v. Armer, 57 Mo. App. 528.] Defamatory words falsely spoken of a person which are not slanderous *per se,* only become actionable when special damage is pleaded and proven. [Jones v. Banner, 172 Mo. App. l. c. 137, 157 S. W. 967.]

It is a well-known rule of law that the very words charged in a slander suit must be proven, or enough of the substantial words of the charge in a petition must be proven to make out the offense. It will not do to sustain a charge of slander made up of certain words, by proving that different words were said, although they may convey the same meaning. [Parsons v. Henry, 177 Mo. App. 329, 164 S. W. 241; Hauser v. Steigers, 137 Mo. App. 560, 119 S. W. 52; Haynes v. Robertson, 175 S. W. l. c. 292.]

We have set forth the charges in the petition which clearly show for themselves that the charge was not slanderous *per se*. If the statements as charged in the petition were made by the defendant they, at most, charge plaintiff with nothing other than untruthfulness, and being a meddling, gossiping liar. Cases cited make manifest the error in Instruction No. 2, set out, wherein it informed the jury that such a charge was slanderous *per se*.

There is another trouble with this case as tried, and that is, no single witness testified to the same words having been spoken that are charged in the petition, or to the same words that were required to be found in plaintiff's instruction No. 1. The most that can be said of the testimony of the plaintiff's witnesses in this respect is that they stated that defendant made certain statements which in effect were of the same character as the charges made in the petition. This clearly makes a failure of proof under the law of this State relative to slander, and the court should have given defendant's instruction No. 1, which informed the jury that before they could find for the plaintiff it was necessary for it to be shown by the evidence that the defendant spoke enough slanderous words to prove to their satisfaction the precise slanderous charges alleged in plaintiff's petition. The evidence in this case failed to substantiate, as the law requires, a single charge of slander as made in the petition, and for that reason the judgment is reversed. *Cox, P. J.,* and *Bradley, J.,* concur.